## FIRMAN CYR *vs.* NARCISSE DUFOUR *et als.*

### Aroostook.   Decided November 27, 1878.

*County commissioners.   Way.   Jurisdiction.   Trespass.*

It is not essential, in order to give the county commissioners jurisdiction upon a petition for the laying out or altering of a highway, that the record should set forth in terms that the petitioners were responsible persons.

The requirement of responsible petitioners in the statute is directory to the commissioners and for the protection of the county against costs in case the prayer is denied, and is of no importance to the land owner in cases where it is granted, upon the adjudication of the commissioners that public convenience and necessity require it.

That the commissioners are satisfied, according to c. 18, § 2, that the petitioners are responsible and that an inquiry into the merits is expedient, sufficiently appears from their proceeding to order notice on the petition.

The land owner, across whose land a highway has been legally located as an alteration of one previously existing, cannot maintain an action of trespass against the highway surveyor of his district for doing, within the limits of ·the location, only those acts which were necessary to make such highway passable, safe and convenient, even where it does not appear that the town had raised or appropriated money to make the alteration, or that the selectmen had specially directed the surveyor to expend his money upon that part of the way.

By a valid alteration of an existing way, the newly located portion is substituted for the old, and the surveyor of the district may, in the exercise of his official discretion, expend the money in his rate bills thereon; and, unless he goes outside the located limits or does acts injurious to the land owner within them which were not necessary for the proper preparation of the way for use, he will be justified.

Where the record states the alteration thus: "Beginning on said county road at a point six rods south of J L's line," in the absence of anything in the record to show that a different point was intended, the line commences at the centre of the traveled part of such road. The jury may be instructed that this would be a proper construction of the record and the proper place to commence a survey of the line.

Where the surveyor, appointed by the court, has thus commenced and delineated the road on the plaintiff's premises by black lines, following the courses and distances and width given in the record from that point, it is not error to instruct the jury that, if all the acts done by the surveyor and his men for the purpose of making a road upon the plaintiff's land were within the width of the road as stated in the record and as delineated on the plan by the black lines, and the defendant had authority to go there as an officer of the town, then, in such acts, they would not be guilty of trespass.

Nor can exceptions be sustained in such case because the presiding judge did not permit the plaintiff to ask the surveyor appointed by the court, upon cross-examination, after rehearsing the statement in the record, "beginning on the

county road," etc. : " Is that a definite fixed place on the face of the earth as described in the record to guide you to begin?" And the further question: "If the beginning place is not as definite as the ending place, what is the practice among surveyors in order to ascertain where the true line is ? "

A motion for a new trial, on the ground that the verdict is against law and evidence, cannot be sustained without a full report of all the evidence in the case. The losing party cannot base such a motion upon a report of portions of the, testimony produced by his opponent tending to show that the verdict was wrong, because such portions may have been effectually controlled or explained by that which is not reported.

ON EXCEPTIONS AND MOTION.

TRESPASS, *quare clausum*, stated, as it came before the law court on a former motion, in 62 Maine, 20. The defendant in his brief statement admitted the acts alleged as trespasses, but justified as highway surveyor, constructing a new piece of road laid out over the plaintiff's land by the county commissioners as an alteration of an existing highway within his limits. The plaintiff contested the legality of the laying out, and the authority of a highway surveyor, as such, to build a new road ; and contended that the commissioners' report did not show jurisdiction, because it did not state that the petitioners were responsible ; and that the location was void for uncertainty of description. In order to determine where the location was, A. A. Burleigh was appointed by the court a surveyor, and made a survey and plan of the premises. The plaintiff, at the last trial, requested the following instructions :

" I. That, if the plaintiff has proved that he owned the land described in the writ, and that the defendants entered upon it and dug up the soil and did other acts, without the permission of the plaintiff, the defendants are liable in this action of trespass; unless, taking the burden upon themselves, they show a legal justification.

" II. That, unless the records of the county commissioners show affirmatively that they found that the petitioners for the road in question were responsible persons, they had no jurisdiction of the case, and all their proceedings are void, and furnish no justification to the defendants for their trespasses.

" III. That it is not the official duty of any highway surveyor, chosen under the general statutes, to open and make new roads,

but only to repair existing roads.  *Todd* v. *Rowley*, 8 Allen, 51.

"IV. That, unless the jury find that Narcisse Dufour was appointed, or in some way authorized, by the town or the municipal officers of the town, to open and make this new road, he had no right to interfere with the plaintiff's land, and has no justification for his trespass.

"V. That, unless the jury find that the town raised money to be expended in opening and making this new road, the defendants had no right to open and make it, and no justification for their trespass.  8 Allen, 51."

The presiding justice gave the first requested instruction, and refused the others, except as given in the charge, which makes part of the case, an examination of which shows that they were substantially refused.

The presiding justice, among other things, said to the jury that the petition gave to the county commissioners jurisdiction, and that, as matter of law, the record of their doings under that petition authorized and was a legitimate laying out of a highway according to the courses and distances mentioned in that record, which, so far as Cyr's land was concerned, were as follows: "Beginning on said county road at a point six rods south of Joseph Lizott's south line."

"Is there any difficulty in finding a point on the highway six rods from a certain man's line, when you know where that line is?  The surveyor has undertaken to place it upon his plan, as you will see, in a certain manner.  He testified, as I understand, but of that you will judge, that he commenced in the middle or center of the highway, six rods south of the man's line mentioned in that record.  I instruct you as matter of law that would be a proper place and a proper construction of that record; when it says, commencing in the highway, six rods south of a certain man's land, that meant the middle or center of the highway. . . After getting the starting point, six rods south of Joseph Lizott's line, the record says: 'And running thence N. 55°, W. 36 rods to a fir stake.'  The surveyor has laid down on his plan what purports to be a course in that direction.  Then from that point there is an angle 'thence, N. 50½°, W. 258 rods, to the N. line

of Dufour's land.' . . I instruct you as matter of law that if you find, so far as that part of the case is concerned, that all of the plowing and all of the acts done upon Cyr's land by Dufour and the men working under him were within the four rods as delineated on that plan by the black lines, and they did nothing alleged in the writ outside of those four rods, then, so far as those acts are concerned, if you find he had any authority to go there as an officer of the town, they are not guilty of trespass. That is to say, that location is one according to law. If he did all his work inside of that location he is not in fault so far as the location is concerned. If he threw rocks, trees, bushes, or logs, or anything which has been in proof here, outside of those four rods upon land not appropriated by the county commissioners to the highway (and that would include all outside of the four rods), then he is a trespasser just so far as he is guilty of anything of that kind. It is in testimony that he was forbidden going on to the land at all. You can understand perhaps that two neighboring farmers being on good terms would not consider when they stepped on to each other's land that they were committing trespass ; they would take it for granted that they had a standing permission to do so. But here there was a forbidding on the part of Cyr of Dufour and his men going on there ; so that, if he did do any technical act overstepping that four rods wide, or his men did under him, anything in connection with the building of that road, by throwing rocks or trees or stumps or anything of that character, he is guilty of trespass, and the only question remaining would be as to the amount of damage. . . In order that you may come to a determination of the facts, I instruct you that, if you find from the record that Dufour was elected highway surveyor, and that was in his district, he had lawful authority to go and build that road where it was located. If he or any of his men did not go beyond these four rods, you must say not guilty. If you find any of his acts, by the way of moving rocks, trees, bushes or anything, testified to here, by himself or men under him, were outside of that four rods, then he is guilty of trespass, and the only remaining question is what damage did he do."

The plaintiff alleged exceptions to the foregoing instructions to

the jury and the refusals to instruct and also to the exclusion of evidence in regard to the location, stated in the opinion.

*E. Madigan* with *J. Baker*, for the plaintiff, contended that, under R. S., c. 18, § 1, it is a jurisdictional fact that responsible persons are petitioners, and that fact should appear, not in the petition necessarily, but in the report. *Small* v. *Pennell*, 31 Maine, 267, 271. *Plummer* v. *Waterville*, 32 Maine, 566, 568. *Bethel* v. *Oxford Commissioners*, 42 Maine, 478, 480. *Goodwin* v. *Sagadahoc Commissioners*, 60 Maine, 328, 330, 331. *Thompson* v. *Stevens*, 10 Maine, 27. 11 Gray, 512. 16 Gray, 36. That, as matter of fact, the defendants went outside of the limits ; that it was error to instruct the jury that commencing on the highway meant the middle of the highway ; that though in settling boundaries it was often so, it was not a rule for a case like this ; that the reverse running by the surveyor, giving the red line on the plan, was more reliable, because the starting point was more definite, and this showed a trespass outside of the location ; that the surveyor's warrant requiring the amount of said list to be expended in labor and materials " upon the highways and townways " within his limits, according to law and agreeable to a vote of said town, gave him no authority " to open and make the new road " as claimed in his plea of justification ; that highways and townways meant existing traveled ways. *Sproul* v. *Foye*, 55 Maine, 162, 165. *Todd* v. *Rowley*, 8 Allen, 51, 58.

*J. C. Madigan & J. P. Donworth*, for the defendants, contended that all questions of law were settled favorably for the defendant in *Cyr* v. *Dufour*, 62 Maine, 20, and the only question for the jury was whether in constructing the road the surveyor went outside of his limits, and that the verdict was decisive on this point.

BARROWS, J. Is it a jurisdictional fact which must appear affirmatively in express terms upon the record that the county commissioners before ordering notice upon a petition for the location or alteration of a highway were satisfied that the petitioners were responsible persons ?

Unless this was essential in order to give the commissioners jurisdiction, the validity of the alteration or change of location cannot be questioned collaterally here. *Cyr* v. *Dufour*, 62 Maine, 20.

We think it was not thus essential. The language of the statute defining the power of county commissioners herein (R. S., c. 18, §§ 1 and 2), is this : " Responsible persons may present, at their regular sessions, a written petition describing a way," etc. " Being satisfied, that the petitioners are responsible, and that an inquiry into the merits is expedient, they shall cause thirty days notice to be given," etc.

But the next section (§ 3) shows the whole aim and intent of the legislature in requiring that the petitioners should be responsible. It runs thus : " When their decision is against the prayer of the petitioners, they shall order them to pay . . . . all expenses incurred on account of it ; and if they are not then paid, they shall issue a warrant of distress against the petitioners therefor." The direction to the commissioners touching the responsibility of the petitioners is for the protection of the county against needless costs where the location or alteration is not found to be of common convenience and necessity.

But the rights of the land owner must yield to the common convenience and necessity, proper provision for compensation being made ; and to him it makes no difference when it is decided by the lawful tribunal before whom he has had an opportunity to be heard, that common convenience and necessity do require the use of his land, whether that adjudication is had upon the petition of those who represent large taxable property or none at all.

There must be a written petition before the commissioners, presented at a regular session, and containing such a description of the way and such prayer respecting it, that all interested may understand by the notice what action is contemplated.

When the commissioners order such notice and give all concerned an opportunity to be heard, it must be presupposed that they were satisfied as to the responsibility of the petitioners ; and it is no more necessary to set that fact out upon the record than it is the other with which it is classed in § 2, that they were satis-

fied that "an inquiry into the merits is expedient," which is necessarily implied from their action in the premises. In any event, the provision is directory, not esse ntial to the acquirement of jurisdiction by the issuing of a notice ; and a failure to observe it would be detrimental only to the county in case the prayer of the petition was denied, and not to the land owner, where it is granted at the call of public convenience and necessity. We must still hold that the validity of the location over the plaintiff's land cannot be questioned collaterally here. *Cyr* v. *Dufour*, 62 Maine, 20, 22, and cases there cited.

But the plaintiff further insists that even if the location be held valid, Dufour had no authority as highway surveyor or by virtue of any vote of the town or employment by the selectmen to open the way over the new location, and that he was a trespasser in attempting to do it.

He objects to the instruction given by the presiding judge in substance that, if Dufour was highway surveyor and the *locus* was in his district, he had lawful authority to go on and build the road where it was located, and if neither he nor any of his men went outside the four rods covered by the location, the verdict should be not guilty ; and to his refusal to instruct at the request of the plaintiff that, it is not the official duty of any highway surveyor chosen under the general statutes to open and make new roads but only to repair existing roads ; and that, unless the jury find that the town raised money to be expended in opening and making this new road, and that Dufour was appointed or in some way authorized by the town or its municipal officers to open and make it, he had no right to interfere with plaintiff's land and has no justification for the trespass.

The plaintiff's position is taken and his requests are predicated upon supposed facts which are not precisely those of the case.

The county commissioners' record shows alterations in an existing road, not the location of a new road. We have no occasion to determine whether a highway surveyor by virtue of his office has power to open a piece of road newly located without a vote of the town authorizing him under R. S., c. 18, § 57, to contract for that purpose, or whether the land owner could maintain trespass against him if he undertook under such circumstances to do it.

The proposition, which, if maintained, would justify the instructions and refusals to instruct on this point in the present case, is that a highway surveyor, by virtue of his official authority, may lawfully construct an alteration in an existing road in his district, without subjecting himself to an action of trespass by the land owner whose interests are affected by such alteration. We think he may. He is bound to expend all the money in his rate bill upon the ways in the district assigned to him, and to give notice of any deficiency thereof to the municipal officers of his town. If he fails in either particular, he is liable under R. S., c. 18, § 69, to pay such fine and costs as may be imposed upon his town under § 40, or may be himself indicted instead of the town. He is to exercise his own proper discretion as to what portion of the ways in his district requires the expenditure of money to make them safe and convenient, and how the money and labor shall be bestowed, and is responsible under his official oath for the faithful exercise of such discretion.

By § 50, he is empowered to remove obstacles likely to obstruct a way or render its passage dangerous. " He may dig for stone, gravel or other material suitable for making or repairing ways in land not inclosed or planted, and remove the same on to the ways; and the town shall pay for the materials so taken, if not within the limits of the way." His office is one of high responsibility to the public, to his town and to the individual proprietors whom his acts may affect. His duties are to be discharged upon the ways in his district. Was the *locus* a part of a way in Dufour's district? That it was within the district is admitted. The question narrows itself to this, was it part of a way which it was his business to look after and expend money upon? The answer must be in the affirmative. When an alteration is made in an existing highway by lawful authority, it operates *ipso facto* as a discontinuance of so much of the old way as lies between the two points where the alteration begins and ends. *Commonwealth* v. *Westborough,* 3 Mass. 406, 408. *Commonwealth* v. *Cambridge,* 7 Mass. 158, 163, 164.

The way described in the warrant to Dufour had been altered by proceedings before the county commissioners which, never

having been adjudged defective, must for the purposes of this suit be regarded as valid. The year allowed by law for the land owner to remove his property had expired, and that which was allowed by the commissioners for the completion of the altered portion of the road was lapsing.

Whether Dufour could or could not be justified under these circumstances in expending the money in his rate bills upon that portion of the old road which was discontinued by the action of the commissioners, we think it was within his official discretion to lay out the town's money in making the altered portion passable and convenient for the public, who had acquired an easement in it by the proceedings of the commissioners, and that at all events he could not be treated as a trespasser by the land owner for so doing. It had become, by substitution, a part of the way assigned to him in his warrant. Our attention has been called to no decisions which would justify the plaintiff's claim to treat a surveyor of highways as a trespasser for conforming to such an alteration. Various *dicta* and decisions look the other way.

In *Cool* v. *Crommet*, 13 Maine, 250, the surveyor, who seems to have gone upon the plaintiff's land for the purpose of making a road where the selectmen of Waterville had laid out a town way, justified by virtue of his office ; and the court, finding that the way was legally laid out, sustained the justification of the officer and his assistants.

In *State* v. *Kittery*, 5 Maine, 254, 259, Mellen, C. J., remarks, referring to the act of 1821, which conferred powers upon the court of sessions substantially similar to those now exercised by our county commissioners : " When a highway has been laid out and accepted it is thenceforward to be known as a public highway ; and any man may, if he should incline so to do, lawfully travel in it before it is opened and made."

In *Howard* v. *Hutchinson*, 10 Maine, 335, the defense failed because the road was not legally laid out, and the court held that " the defendant as surveyor of highways had no legal authority to enter thereon for the purpose of constructing a town road, unless such road had been legally laid out by the selectmen and accepted by the town according to the provisions of the statute." See also *Baker* v. *Runnels*, 12 Maine, 235, 238.

In *Small* v. *Pennell*, 31 Maine, 267, upon an offer to justify by proof from the records of the proprietors that the *locus* was part of a public rangeway or allowance road, the ruling was that "unless the defendant was a surveyor of highways such proof would be no justification ;" and the ruling was sustained.

In *Hunt* v. *Rich*, 38 Maine, 195, this distinction made between surveyors of highways and private individuals not authorized by a vote of the town at a legal meeting, appears more distinctly. The court, after alluding to the right of all to pass over a highway, remark : " But it does not follow that such private individual could in his own discretion, reconstruct the highway, take down the fences which are within its limits, cut down trees and take away the earth on parts which travelers have not before used for passing and repassing. The statute has intrusted this duty to an officer to be legally chosen at a meeting of the town properly called and held, and to be under oath in the discharge of his duty." Here seems to be a distinct recognition of the power of a highway surveyor by virtue of his official authority to do all that may be necessary to change the course of travel within the limits of a highway legally located. It would seem to follow that the surveyor would have the same power in cases where the course of the highway assigned to him has been changed by lawful authority, thus substituting the new course for that which previously existed. Our statutes defining the powers, duties and responsibilities of surveyors of highways were derived from and are essentially the same that existed in Massachusetts when this state was a part of that commonwealth. For further discussion of these topics see *Craigie* v. *Mellen*, 6 Mass. 7. *Callender* v. *Marsh*, 1 Pick. 418.

The plaintiff places his chief reliance here on the case of *Todd* v. *Rowley*, 8 Allen, 51, 58. That the learned court there, upon a presentation under a different aspect from this, of the question as to the right of the surveyor to expend the town's money upon a portion of the highway not before wrought, held a different doctrine from that hereinbefore suggested, is undeniable. But it does not follow that they would regard the officer of the town as a trespasser upon the land owner whose property had

been lawfully subjected to an easement in favor of the public for doing upon such property only those acts which were necessary to the proper enjoyment of the easement which the public had acquired. Thus much protection we think his official character would give him, even if, without special authority from the town or its general agents, his expenditures should not be allowed by or recoverable against the town.

The question here is not whether, if Dufour had expended all the money in his rate bills in making the road over Cyr's land passable, he could recover against the town for an injury received by reason of a defect existing elsewhere in his district, nor whether he could recover for labor, but whether he invaded any rights that Cyr had in the land after it had been subjected to the alteration in the highway made by the commissioners.

The plaintiff's position is that the lack of proof that the town raised and appropriated money specially to cover the expense of making the alteration ordered by the commissioners, or that the surveyor was specially directed by the selectmen to expend his money on that part of the highway in his district, deprives that officer of the justification which he claims. We cannot so view the law touching the duties and responsibilities of the highway surveyor.

The plaintiff further complains that, the presiding judge committed an error prejudicial to him in instructing that, where the record says " Beginning on said county road, at a point six rods south of Joseph Lizott's south line," it meant the center of said road, and of the further instruction, which was a necessary sequence of this, that, " if all the plowing and all the acts done upon Cyr's land by Dufour and his men were within the four rods as delineated on the plan by the black lines, and nothing was done outside of those four rods, and if Dufour had authority to go there as an officer of the town, they were not guilty of trespass." The plan was made by the surveyor appointed by the court in this case, and the black lines spoken of represented the location of the road, taking for a starting point the center of the county road and following the courses and distances given in the commissioners' record. The elaborate argument of plaintiff's

counsel fails to satisfy us that there was error in the construction which the presiding judge gave to the record of the location touching the place of beginning, or that the instruction that the true location was represented by the black lines upon the plan took any question of boundary from the jury upon which it was competent for them to pass.

Where nothing indicating a different intention appears, and the point of beginning is on a highway a certain distance from a known and fixed line, we think the point intended is the center of the highway. This is in conformity with the law as held in respect to the construction of deeds, legislative acts establishing boundaries, and in other analogous cases. *Bradford* v. *Cressey*, 45 Maine, 9. *Boston* v. *Richardson*, 13 Allen, 146, 154, 155. *Perkins* v. *Oxford*, 66 Maine, 545, 550, and cases there cited.

The presiding judge carefully called the attention of the jury to the testimony bearing upon the question as to "where upon the face of the earth the real location is," and especially to the necessity there was for them to ascertain where the location was across the plaintiff's land, and gave full and elaborate instructions as to the effect of the defendant's going outside of the four rod strip, or placing any rocks, stumps or logs removed from the road bed outside the location. His instructions as to the record and plan covered only their legal construction, or what was mathematically deducible from it, and left all the controverted questions of fact, depending on evidence, fully to the jury. Little more remains to be considered.

The motion to set aside the verdict as against evidence cannot be sustained for want of a full report of all the evidence in the case. It is not competent for the losing party to base a motion of this sort upon selected portions of his opponent's evidence, which for aught we know, may have been effectually controlled or explained by the testimony not reported.

The only exceptions to the admission or exclusion of evidence relied on in argument are to the refusal of the judge to permit plaintiff, on cross-examination of the surveyor appointed by the court, to ask the following questions : " Beginning on the county road south of Joseph Lizott's south line; is that a definite

fixed place on the face of the earth as described in the record to guide you to begin?" "If the beginning is not as definite as the ending place, what is the practice among surveyors in order to ascertain where the true line is?"

The first question does not state the record correctly; but if it did, the construction of the record was a question of law for the court; and its true construction was given by the judge, as we have before seen.

The next question was immaterial, because the center of the road a certain distance south of a known and undisputed line (J. Lizott's line) was as definite a " beginning place " as " the center of the county road at a point six rods north of S. Cyr's north line," which was the " ending place " of the alteration.

Now the truth seems to be that the plaintiff mistook his remedy. His real grievance was that the commissioners did not allow him the fifty dollars which he claimed as his proper damages on account of the alteration. If, instead of resisting the law, attempting to drive off the surveyor and his men, and then suing that officer in this action, he had conformed to the law, and called for a jury to estimate his damages, he could have had all his rights amply protected.

*Motion and exceptions overruled.*

APPLETON, C. J., WALTON, VIRGIN and PETERS, JJ., concurred.