**H. Keith LEIGHTON and**
**Rachel B. Leighton**

v.

**Ellington E. LEIGHTON.**

Supreme Judicial Court of Maine.

Dec. 2, 1974.

Silsby, Silsby & Walker, Herbert T. Silsby, II, Ellsworth, for plaintiffs.

Alan D. Graves, Machias, for defendant.

Before DUFRESNE, C. J., and WEATHERBEE, POMEROY, WERNICK and DELAHANTY, JJ.

POMEROY, Justice.

This appeal results from a boundary dispute. What are the boundaries is not in issue. Where on the face of the earth the boundaries are located is the core of the dispute. Thus a question of fact is presented.

". . . [W]hat are the boundaries is a question of law, and where the boundaries are is a question of fact." Rusha v. Little, Me., 309 A.2d 867, 869 (1973).

The contested issues between the parties were raised by a complaint seeking judgment for title in fee simple and possession of the demanded premises, and damages for rent and profits of the premises and waste.

Plaintiffs' claimed title is denied by the defendant's answer. In a counterclaim defendant demanded "Judgment for title in fee simple and possession of the premises."

The action was heard by a Justice of the Superior Court sitting without a jury.

His finding was in favor of the defendant.

Plaintiffs seasonably appealed.

We deny the appeal.

At trial, it became apparent that the real concern of the parties was whether defendant's property is so situated as to include within its perimeters a portion of a small duck pond. In plaintiffs' view, defendant's plot of land is correctly located one rod to the South and nine and one-half feet to the East of where defendant says it lies. Under plaintiffs' interpretation, defendant is entitled to no part of the pond, while according to the defendant, his property encompasses a small slice of the pond at its southern end.

The Court below accepted defendant's claim as to where his property lies. He determined that defendant's boundaries do indeed encompass a part of the duck pond.

That determination constituted a finding of fact by the trial judge.

Before us, the burden is upon the plaintiffs-appellants to demonstrate that the factual finding of the Court below was clearly erroneous. Sowles v. Beaumier, Me., 227 A.2d 473 (1967).

This Court has repeatedly held that a single Justice's findings of fact are not "clearly erroneous" if such findings are supported by credible evidence. *City of South Portland v. Pine State By-Products, Inc.*, Me., 306 A.2d 1 (1973).

Plaintiffs and defendant took their adjacent plots of land from a common grantor. The deed from such grantor describes defendant's rectangular plot[1] as:

"Beginning at the *North side* of Spruce Street at a corner with the *West side* of the private way leading to my house; thence Northerly by the West side of said private way nine rods to a corner; thence Westerly parallel with said Spruce Street twenty rods to a corner; thence Southerly parallel with said private way nine rods to the *North* side of said Spruce Street; thence Easterly by the *North* side of said Spruce Street to the point of beginning . . . ." (Emphasis supplied)

The difficulty which resulted in this litigation stemmed from the fact that the part of Spruce Street referred to in the deed was planned but never constructed, and the private way also mentioned in the deed has borders which are ill defined. Thus, the question of to what on the face of the earth defendant's grantor had reference when he described the two features needed to establish the starting point (Southeast corner) of defendant's rectangular plot was opened to varying interpretation. This dispute over the exact location of defendant's property resulted.

The record shows that plaintiffs' surveyor located the starting point of defendant's land by intersecting lines extended from what he determined to be the *center* of the unconstructed portion of Spruce Street and the *center* of the private way.

The trial Court rejected this approach.

He adopted the calculations of defendant's surveyor who established the starting point by intersecting lines extended from the theoretical *North* side of Spruce Street and the *West* side of the private way.

It is true that when the point of beginning in a deed is a road, there is a presumption that the call begins in the center of the way. *Hardison v. Jordan*, 142 Me. 279, 50 A.2d 447 (1947); *Wellman v. Dickey*, 78 Me. 29, 2 A. 133 (1885). But this presumption can be rebutted where a different intent appears. *Hardison v. Jordan, supra*; *Cyr v. Dufour*, 68 Me. 492 (1878).

In the instant case, defendant's deed clearly indicates that the grantor intended to utilize the *Northerly* side of Spruce Street and the Westerly side of the private way (and not the center of either artery) in fixing the Southeast corner of his grant to the defendant. We think the trial Justice was correct in concluding that defendant's calculations most accurately reflected the grantor's intention.

Moreover, the findings of the trial Justice reveal that there was other credible evidence besides the language of the deed which influenced his decision.

The Justice stated:

"The Defendant's grantor in preparation to having the deed made, sighted on the line of Elm trees along Spruce Street and drove an iron pipe at the end of the 'lane,' then measured two rods on a rope and measured out the lot he was deeding to the Defendant. The Defendant's wife held one end of the rope so he could get it over the pond. The Defendant did introduce evidence of uses by him of the disputed area consistent with his ownership thereof."

---

1. Parties agree that the defendant's deed controls in this dispute since it was executed before the plaintiffs' deed.

At trial, defendant attempted to demonstrate through photographs and supporting testimony that he and his family utilized the disputed lower portion of the pond in a manner consistent with his claim of ownership. Plaintiffs maintained that they had always exercised control over the entire pond and that defendant's use of it was merely "neighborly."

■ As the trier of fact the trial Justice was free to pass on the credibility of witnesses and the persuasiveness of the exhibits. Due regard must be given to his determination. Bradstreet v. Bradstreet, 158 Me. 140, 180 A.2d 459 (1962).

■ We cannot say that the Justice's decision to believe defendant's evidence and disbelieve plaintiffs' was clearly wrong.

■ Nor was it error to admit parol testimony of the grantor's intent. While it is true that parol evidence is not admissible to change calls in a deed which are clear and unambiguous, May v. Labbe, 114 Me. 374, 96 A. 502 (1916), it is properly admitted to "throw light upon intention" in some instances as where the location of a starting point is uncertain. Rounds, et al. v. Ham, 111 Me. 256, 88 A. 892 (1913), Bradstreet v. Bradstreet, supra.[2] In this case, defendant sought to use the parol evidence to show that the grantor intended defendant's property to include part of the duck pond since he (the grantor) crossed part of the pond in setting out the boundaries. The evidence was *properly admitted* for that purpose.

We cannot say that there was no evidence to support the trial Justice's findings.

Therefore, the entry must be,

Appeal denied.

All Justices concurring.

ARCHIBALD, J., did not participate.

---

2. In such cases the evidence serves to clarify an ambiguous deed rather than to contradict an unambiguous one.