Louis H. JOLICOEUR and Claire
G. Jolicoeur

v.

**KENNEBEC WATER DISTRICT et al.**

Supreme Judicial Court of Maine.

April 8, 1976.

Marcou & Marcou by Louis R. Marcou, Clyde L. Wheeler, Waterville, for plaintiffs.

Weeks, Hutchins, Frye & Welch by Miles P. Frye, Waterville, for Kennebec Water Dist.

Shiro & Jabar by Burton G. Shiro, Waterville, for Henry and Rose Manzo.

Before DUFRESNE, C. J. and WEATHERBEE, POMEROY, WERNICK and ARCHIBALD, JJ.

POMEROY, Justice.

Before us for decision is an appeal from a declaratory judgment fixing the boundary line between two adjacent pieces of property, denying appellants' claim of right to injunctive relief, and denying appellants' claim for damages.

We deny the appeal.

The dispute between the parties had its genesis in a decision by the Kennebec Water District to build a water tower on a section of high ground in Winslow, Maine. Investigation by the water district determined to its satisfaction that the property on which it proposed to build the water tower was that of Henry and Rose Manzo. After negotiations seeking to acquire the property from the Manzos had failed, the water district exercised its statutorily granted right of eminent domain. The property was acquired and the Manzos were justly compensated.

Subsequently, appellants, husband and wife, brought action against the water district and Mr. and Mrs. Manzo premising their claim on the asserted conclusion that the water tower and the associated water main had been constructed at least in part on their property.

Basic to the appellants' claim to a cause of action against appellees was that the boundary separating the Manzo and Jolicoeur properties was at a place other than that which the water district had determined it to be.

By agreement of the parties, the hearing below was directed solely to the question of the true boundary line between the properties. After hearing testimonial evidence, much of it appropriately denominated "expert", the presiding Justice found the boundary in question to be delineated by a wire fence running north-south between the properties. As of course, judgment for the appellees followed such finding.

It is agreed the boundary line in question was described in several conveyances as running North 21° East to Taylor Avenue. The southern terminus of the line was described as "at a stake in the town line quite near the corner of the six acre lot and the Ira Getchell lot." The difficulty in the case results from the fact that the terminus could not be located.

The Justice below determined that the disputed boundary was "afloat" and concluded that the wire stock fence between the Manzo and Jolicoeur properties is "the only thing on the face of the earth in the case that even resembles a property line between the termini suggested in the deed." In effect, the Justice determined that the fence constituted the boundary line by acquiescence.

Appellants attack that determination on several grounds.

First, they question the conclusion that the boundary line was "afloat." In their view a granite post marking the north-west corner of the Ira Getchell lot meets the calls of the deed and was intended by the predecessors in interest of the disputants to indicate the sourthern terminus of the boundary in question. Appellants urge that a stone "marker at" the corner of the Ira Getchell lot can properly be construed as a "stake quite near" the corner; and if that interpretation is accepted and a line is drawn from the stone marker North 21° East to Taylor Avenue, much of the land taken for the water tower falls within their western boundary.

■ Where on the face of the earth the boundaries are located is a question of fact. *Leighton v. Leighton*, Me., 329 A.2d 164 (1974).

■ It is now established law that the findings of fact of the single Justice can-

not be disturbed by this Court unless they are clearly erroneous. The burden is upon the appellants to demonstrate to us that the factual finding of the court below was "clearly erroneous." Findings of fact are not "clearly erroneous" if such findings are supported by credible evidence. *Leighton v. Leighton,* supra, at 165–166.

The history of this land ownership is important to a clear understanding of the presiding Justice's finding. The evidence is that at one time all the land later owned by the Manzos and that owned by the Jolicoeurs was a single parcel owned by James Drummond. The presiding Justice found that the James Drummond farm comprised parcels of land lying in the towns of Winslow and Vassalboro, and a portion of the farm seemed to straddle the town line although the parcels are distinctly described where this is the case.

For the purposes of this case, our interest is in that portion of the Drummond farm which lay northerly of the Vassalboro town line and southerly of Taylor Avenue, so-called, in the Town of Winslow. The parcel of land where the boundary is in question is on a very steep hill rising sharply to the south from Taylor Avenue, reaching a crest in the vicinity of the Winslow-Vassalboro town line.

■ The presiding Justice bottomed his conclusion that the boundary line was where he declared it to be on the basis that the deed, which the parties agree controlled, describes the terminal point of the disputed boundary line as "a stake at the northeast corner of land now or formerly of Ira Getchell." The appellants located a stone. Their contention was and is that the stone marks the terminal point of the disputed boundary. The Justice's conclusion, after considering the unusual topography of the area in dispute and after appellants had failed to produce a monument answering the description found in the controlling deed, was that the true line between the abutting owners, the Jolicoeurs

and the water district, is the fence as presently constructed.

Under all the circumstances, we cannot say that the appellants have established that such findings of fact are "clearly erroneous."

■ Appellants rely heavily upon their claim that the presiding Justice improperly disregarded evidence that a prior owner of Manzo land had declared that the fence was not the boundary line. The declarations were made by a former owner, now deceased. They were made while he was owner of the property and were against such owner's interest, and they did relate to the identity of monuments called for in the deed. They were, therefore, admissible. *Bradstreet v. Bradstreet,* 158 Me. 140, 180 A.2d 459 (1962).

■ Appellants claim that this declaration by a predecessor in title serves to estop the declarant's grantee from asserting title in excess of that declaration against interest made by the prior grantor, even though it is agreed the grantee had no knowledge of the declaration of his predecessor (if indeed one was made).

In *Hibbard v. Fromkin Woolen Corp.,* 156 Me. 433, 439, 165 A.2d 49, 53 (1960), the Court declared the issue as to whether an estoppel arose in these circumstances an "interesting question." However, the point was not there reached.

The Justice below did conclude the issue was before him in such posture that he must meet it. His conclusion was, in his words:

"It seems to this Court that to permit the uncorroborated oral admission against interest of an abutting land owner in possession who is now deceased, made ante litem motam to prevail as against grantees from such deceased owner, who take without notice of such declaration, and where no physical act is done on the face of the earth, such as

the erection of a fence or any other physical object or boundary marker and nothing done on the public record of the registry validating this act or giving subsequent purchasers notice of it, is to virtually sanction conveyance by parole and to open very wide the door for all sorts of mischievous interference with the sanctity of titles and the security of property lines based on years and years of occupancy undisturbed and unchallenged."

We conclude, as did the Justice below, that there is no estoppel resulting against appellees arising from the alleged declaration against interest of a now deceased grantor.

The conclusion of the presiding Justice was not clearly erroneous.

The entry must be:

Appeal denied.

DELAHANTY, J., sat at argument but did not participate further in the case.

All Justices concurring.