EDWARD F. MAXIM, In Equity *vs.* ERNEST THIBAULT ET ALS.

Androscoggin.    Opinion December 18, 1924.

*It seems, that from general knowledge alone that repairs are contemplated and are being made, the consent of the lessor is not to be inferred so as to charge his interest with a lien, but the evidence must go to the extent of showing knowledge of what work was actually being done and that it was more than mere preservative repairs.   The consent of the owners must be inferred from the language of the lease, their knowledge of what was contemplated and was actually being done, and their conduct.   A claim must stand or fall substantially as made unless inadvertence or mistake is shown.*

The evidence in the instant case goes to the extent of showing that at least one of the lessors knew that alterations to the extent of a substantial reconstruction of the interior of the fourth floor and the exits were contemplated and in progress, to fit it for the use proposed, and was consulted about the changes.

Although the plaintiff was unable to show what items of lumber and of labor, for which he charged, actually went into the job, and charged for very substantial amounts of material which were not used, and for a great amount of labor which was not performed, the owners, having agreed to the rather unusual method of determining the amount of material and labor for which a lien attached, by the examination and report of an impartial examiner or assessor, cannot overturn, for want of such proof and on account of such excessive charges, a finding of fact by the sitting Justice based upon that report, with which they made no complaint, and by which result, substantially just, has been attained.

The liability of Bell, the lessee, upon the covenants to pay the expense of repairs contemplated in the leases was not discharged or affected by the assignment to Turner; he still continued liable to Thibault & Faucher, as before.

Bell was a proper and necessary party to the bill, as a person interested in the property upon which the lien was claimed, and is bound by the decree as to the existence and amount of the lien.

The plaintiff is entitled to judgment against his debtor only for any deficiency in the proceeds of sale.   If his judgment against the property is satisfied from the proceeds of sale, or is paid by the owners to prevent the sale of their property, judgment against the debtor is not authorized.

On appeal.   A bill in equity to enforce a lien claim on a building and lot for labor performed and materials furnished in making extensive alterations, the plaintiff being a contractor and the defendants,

Ernest Thibault and Philias Faucher, being the owners of the building, and the other defendants, Hyman I. Glovsky, alias, Bell, being a lessee, and Charles N. Turner with whom the contract was made, being an assignee of the lease assigned by the lessee, Bell.    A hearing was had and the sitting Justice decreed that the bill be sustained; that the plaintiff had a valid lien on the building and lot for $3,008.48 with interest, and a personal judgment against Turner for $3,187.96, and that the bill be dismissed as to the defendant, Bell, from which decree the owners of the building entered an appeal.    Appeal sustained.    Decree to be modified in accordance with opinion.

The case is stated in the opinion.

*D. J. McGillicuddy*, for plaintiff.

*L. J. Brann and Harry Manser*, for Thibault and Faucher.

*Benjamin L. Berman, Jacob H. Berman and Edward J. Berman*, for Hyman I. Bell.

SITTING: CORNISH, C. J., PHILBROOK, DUNN, MORRILL, WILSON, DEASY, JJ.

MORRILL, J.    Bill in equity to enforce a mechanic's lien under R. S., Chap. 96, Sec. 33, for materials and labor furnished in the repair and alteration of a hall in Dominican Block, so called, in Lewiston.    The sitting Justice adjudged that the plaintiff has a lien for $3,008.48, with interest from the date of the bill, upon the land and buildings described.    The owners of the building appeal. Their contentions are confined to three points.

CONSENT OF THE OWNERS.

By indenture under seal dated October 26, 1922, the owners of the building, Thibault & Faucher, leased to one Hyman I. Glovsky, otherwise known as Hyman I. Bell, "the hall in the building numbered 145 on Lincoln Street, known as the Dominican Hall," for a period of five years from November 1, 1922.    This lease contained no provision as to assigning or sub-letting; on the following day Glovsky made and signed the following endorsement upon his copy of the lease: "Oct. 27, 1922.    I assign this lease to Charles Turner," and delivered the lease to one Berman, who was interested with Turner in the undertaking, and at whose request Glovsky had obtained the lease from the

lessors. No assignment was made upon the lessors' copy. Turner thereupon, contracted with the plaintiff for the repairs and alterations of the leased premises, to fit it for use as a gymnasium and place of athletic exhibitions. The lease contained the following covenant: "It is hereby agreed that all repairs in said hall shall be done by and at the expense of the Lessee herein." The materials and labor were furnished between November 9, 1922 and December 18, 1922, both inclusive, during the life of this lease, as the sitting Justice found.

While the lease did not state the use of the hall contemplated by the lessee, the evidence clearly establishes that the lessors, or at least one of them, Mr. Thibault, knew the purpose for which the hall was leased. The lease itself gave notice to the lessors that repairs were contemplated and might be made. Mr. Thibault testifies in answer to his counsel: "I made the lease for him to make the repairs himself;" and again upon cross-examination: "I can't make any objection because I made the lease for them to make the repairs."

It seems, however, that from general knowledge alone that repairs were contemplated and were being made, the consent of the lessor is not to be inferred, so as to charge his interest with a lien, but the evidence must go to the extent of showing knowledge of what work was actually being done and that it was more than mere preservative repairs. *Greenleaf & Sons Co.* v. *Shoe Co.*, 123 Maine, 352, 356. The sitting Justice found, "that the owners, or one of them at least, had full knowledge that certain alterations and repairs were being made on the fourth floor of the building." This is a very conservative statement. The evidence goes to the extent of showing that Mr. Thibault knew that alterations to the entent of a substantial reconstruction of the interior of the fourth floor and the exits were contemplated and in progress, to fit it for the use proposed, and was consulted about the changes.

The case is governed by *Shaw* v. *Young*, 87 Maine, 271, and *York* v. *Mathis*, 103 Maine, 67. The consent of the owners must be inferred from the language of the lease, their knowledge of what was contemplated and was actually being done, and their conduct.

THE AMOUNT OF THE LIEN.

The plaintiff's claim was ·$3,942, of one hundred and sixty-six items; thirty-six items aggregating $1,726.03, were for labor, the

remainder, $2,215.97 was for materials. A jury trial being waived, the sitting Justice heard the parties upon this issue without a reference to a Master. The plaintiff was the only witness in support of the amount of the claim. He was unable to show what items of lumber or of labor, for which he charged, actually went into the job. The contention of counsel for the owners in that respect is fully sustained by the evidence and the decision of the sitting Justice. By agreement of the parties, the court then chose Mr. Frank E. Tracy, a competent, impartial contractor and builder who was "authorized and directed to make an examination and measurements of the alterations and repairs made by the plaintiff and an estimate of the cost of the labor required to make the same, and to report the result of his investigation for the enlightenment of the Court and the parties." Mr. Tracy made a report which appears in the record in which he found the amount of the materials used to be $1,830.03 and for labor $1,153.16. The court adopted his figures as to the materials, deducting $174.76 for non-lien items; as to the labor item the sitting Justice says:

"Realizing that the cost of labor may be somewhat more difficult to accurately estimate than the cost of material, in order to be on the safe side as to the cost of labor, I have added $200.00 to the estimate of Mr. Tracy, thereby allowing for labor $1,353.15."

Of this result counsel say upon the brief:

"We make no complaint, however, of the decision of the Presiding Justice upon the evidence as to the amount of labor and material. That is a matter upon which we have had a fair hearing."

They do contend, however, that a lien should be denied because, to quote from the brief:

"It is clearly shown that the plaintiff has charged for very substantial amounts of material and for a great amount of labor which never went into the job; . . . . that for every hundred dollars which honestly went into the building he has charged for enough additional labor and materials to make $124.00. Scattered through his bill there are items of lumber and charges for labor which were never furnished or performed. He has not undertaken to eliminate them and no one else can."

A careful examination of the record fully justifies this arraignment by counsel; a claim must stand or fall substantially as made unless inadvertence or mistake is shown, 2 Jones on Liens, Sec. 1408 and

note; but having agreed to the rather unusual method of determining the amount of material and labor which did actually go into the job, by the examination and report of an impartial examiner or assessor, we think that the owners cannot here overturn a finding of fact by the sitting Justice based upon that report, with which they make no complaint, and by which a result, substantially just, has been attained.    The finding must stand.

THE DISMISSAL OF THE BILL AS TO BELL.

The plaintiff alleges in his bill that the materials and labor in question were furnished by virtue of a contract with Charles N. Turner, Jr., and Hyman I. Bell; this allegation the defendant, Bell, denies by answer and testimony.    The sitting Justice found in his favor, and was unquestionably warranted in so finding.    But it does not follow, upon the facts before the court, that Bell was improperly joined as a party defendant.    The statement in the opinion below "that Bell had no interest in the lease further than the friendly interest of assisting Turner" is not accurate as a legal proposition, however truly it may describe Bell's intention.    He had assumed legal obligations in signing the lease which cannot thus be disregarded.

The lease dated October 26, 1922, given by Thibault & Faucher, the owners of the building, to Bell, therein called Glovsky, and the latter's assignment thereof to Turner, have already been referred to. It appears that another lease under seal, of the same premises, dated November 1, 1922 containing no provision as to assigning or subletting, was given by Thibault & Faucher to Hyman I. Bell, the defendant, for the term of ten years from the first day of November, 1922, with a lessee's option to renew the lease for an additional period of five years; this lease was acknowledged by the parties on December 19, 1922, and Bell's counsel admits on the record that it was made on that day, which was the day following the last charge in the account of the plaintiff; it was later recorded in the registry of deeds. No rent was paid under either lease until December 23, 1922.    By an instrument under seal dated November 1, 1922, acknowledged December 23, 1922, and recorded December 27, 1922, to which the lessors were not parties, Bell assigned to the defendant, Turner, all his right, title and interest in and to said lease, describing it by date, and book and page of record.    This lease contained the following covenant:

"It is hereby. agreed that all repairs in said hall shall be done by and at the expense of the lessee herein and that anything and every-thing added to the building, including portable bleachers, in the alteration and repair of said leased premises shall become and remain the property of the said lessors at the expiration of this lease."

The liability of Bell upon the covenants to pay the expense of repairs contemplated in the leases, was not discharged or affected by the assignment to Turner; he still continued liable to Thibault & Faucher, as before. He cannot by his own act avoid his covenants. 2 Taylor's Landlord and Tenant, 8 Ed. Sec. 438. *Wall* v. *Hinds,* 4 Gray, 256. *Washington Natural Gas Co.* v. *Johnson,* 123 Pa. St., 576; 10 Am. St., 553, Note 559. *Dwight* v. *Mudge,* 12 Gray, 23, 25. *Way* v. *Reed,* 6 Allen, 364, 368-9. *Farrington* v. *Kimball,* 126 Mass., 314. *Mason* v. *Smith,* 131 Mass., 510.

Nor does the finding of the sitting Justice that the only interest of Bell was a "friendly interest," affect his liability. He loaned his credit to Turner, who was financially irresponsible, and the lessors relied thereon in making the lease and accepting his covenant as to the expense of repairs. If the new lease superseded the first, the protection of Thibault & Faucher, and the liability of Bell to them was preserved. Bell was therefore a proper and necessary party to the bill as a person interested in the property, upon which the lien was claimed, (R. S., Chap. 96, Sec. 33) who might be liable upon his covenant for the amount of the lien adjudged against the leased premises, as a prior warrantor is liable, who has been vouched in to defend an action for breach of covenant of warranty. The last paragraph of the decree, dismissing the bill as against Hyman I. Bell, should be stricken out. The defendant Bell is bound by the decree herein as to the existence and amount of the lien.

The third paragraph of the decree below should be omitted. The plaintiff is only entitled to judgment against his debtor for any deficiency in the proceeds of sale. If his judgment against the building is satisfied from the proceeds of sale, or is paid by the owners to prevent the sale of their property, judgment against the debtor is not authorized. R. S., Chap. 96, Sec. 38. If the lien judgment is satisfied by the payment thereof by Thibault & Faucher within a time to be fixed in the decree, the cause proceeds no further; other-wise the cause is to be retained upon the docket for sale of the prop-

erty and further proceedings, in accordance with R. S., Chap. 96, Sec. 38, and said decree. The costs should be taxed and stated in the decree.

We have not overlooked the fact that the plaintiff has alleged in his affidavit filed in the city clerk's office and in his bill, a joint contract with Turner and Bell, and that the contract proven is not the contract alleged. The statement in the affidavit is not material; it is not required by the Statute. R. S., Chap. 96, Sec. 31. *Witham* v. *Wing*, 108 Maine, 364, 370.

But the allegation in the bill is a material, substantial allegation which should be proved, and failure to prove it may be ground for dismissal of the action, even in an equitable proceeding. *Thurston et als.* v. *Schroeder et als.*, 6 R. I., 272, 280-1. *Garrison* v. *Hawkins Lumber Co.*, 111 Ala., 308; 20 So. 427. *Witham* v. *Wing*, supra.

The defendants, however, have not raised the point; had it been raised at the hearing below, the sitting Justice in the exercise of a sound discretion might have allowed an amendment upon such terms as seemed to him proper, fixing time for filing answers to the amended bill; otherwise the lien would be lost by expiration of the ninety days limitation. R. S., Chap. 96, Sec. 33. The cause having been fully heard, as if such an amendment had been offered and allowed, we think that an amendment may be now considered as seasonably made. *Morin's Case*, 122 Maine, 338, 343.

> *Appeal sustained.*
> *Decree to be modified in accordance with opinion.*
> *No costs allowed on appeal.*