516

J. W. White Company *vs.* Rufus D. Griffith et als.

Franklin.     Opinion February 28, 1929.

*George C. Webber*, for plaintiff.

*Rufus D. Griffith,* pro se.
*Benjamin L. Berman,*
*David V. Berman,*
*Jacob H. Berman,*
*Edward J. Berman,* for defendants Shean.

SITTING: WILSON, C. J., STURGIS, BARNES, BASSETT, JJ., PHIL-BROOK, A. R. J. DEASY, J., concurring in the result.

WILSON, C. J. A bill in equity to enforce a lien on a building and land for materials furnished by the plaintiff in the construction of the building.

One of the defendants, Albert Shean, formerly owned a summer cottage at Oquossoc in the town of Rangeley which he had given to his son several years before the building in question was erected. In the summer of 1927 he decided to build a garage on the property for his son, and becoming acquainted with the defendant Griffith engaged him to build the garage and furnish the necessary materials.

Mr. Shean testified before the sitting Justice that Griffith assured him that he had the necessary lumber on hand which Griffith denied. As a matter of fact he had no lumber, but ordered it of the plaintiff.

When the job was completed Shean paid Griffith the amount agreed upon, including his labor and for all material, but Griffith never paid the plaintiff for the lumber.

The plaintiff seasonably filed a notice to preserve its lien and brought this action.

The sitting Justice found as facts:

(1) That Mr. Shean did not know that plaintiff furnished the material.

(2) That the plaintiff sold the material to Griffith on an open account and on his credit alone.

(3) That the plaintiff had no intention to look to the building for its pay until it discovered the bankruptcy of Griffith, and upon these findings ordered the bill dismissed. The plaintiff thereupon appealed.

If the sitting Justice was warranted on the evidence in finding

the above facts, the appeal must be dismissed, since as will appear, if either the first or second was true the plaintiff must fail.

Only one who furnishes labor or materials which are used in the erection, alteration or repair of a building under a contract with the owner or with his consent has a lien thereon under the statutes of this State.

It is unnecessary in the decision of this case to discuss the effect of the ownership of the property by the son, Lawrence Shean, since if the materials were not furnished with the consent of the father, Albert Shean, by no possibility on the evidence could they have been furnished with the consent of the son.

As the materials were not furnished under a contract with the owner, the plaintiff must show that they were furnished with the owner's consent. It must also appear that they were furnished for the construction, alteration or repair of a particular building and were not sold on an open account for general use.

It is only where materials are furnished for the purpose mentioned in the statute that a lien results. *Choteau* v. *Thompson*, 2 Ohio St., 114; *Hill* v. *Bishop*, 25 Ill., 307; *Chapin* v. *Persse et als*, 30 Conn., 461; *Fuller* v. *Nickerson*, 69 Me., 228, 236. While Sec. 29 of Chap. 96 now reads whoever performs labor or furnishes materials *in* erecting, etc., the original lien statute in this State enacted in 1821, Chap. 169, P. L., provided a lien to such as under a contract furnished labor and materials "*for* erecting or repairing a building." The same words "for the erecting, repairing or altering" are found in the Act of 1837, Chap. 273, P. L., and were retained in the revision of 1841 and in the revision of 1857. It was not until the revision of 1871 when the Acts of 1868, Chap. 207, P. L., and of 1869, Chap. 57, P. L., were consolidated that substantially the present language appears; whoever performs or furnishes labor or materials *in* erecting, etc. In view of the history and purpose of this statute we think no change in effect was intended by the substitution of "in" for "for"; since to maintain his lien, if his contract was not with the owner, one, under Sec. 28, Chap. 91, R. S. 1871, was obliged to give notice before furnishing the labor or materials of his intention to claim the lien.

Nor do we think the repeal of this clause requiring notice of an intent to claim a lien before furnishing labor or material in 1876,

Chap. 140, P. L., in any way altered the requirement that the labor or materials where not furnished under contract with the owner must be furnished *for* the purpose of erecting, altering or repairing some particular building even though its exact location might not be then known to the person furnishing the materials; and if sold in the general course of trade on the credit of the purchaser without any understanding that they were to be used in a particular building then under construction, alteration or repair, or under contract with the owner for the construction, alteration or repair, no lien will attach.

Under the statutes in some jurisdictions it has been held that the particular location of the building must be had in contemplation when the materials were sold to a subcontractor, 79 Am. Dec., 273, note; but unless the statute in terms requires it, as ours does not, it is sufficient if the materials, when not supplied under contract with the owner, are supplied with his consent and that they are furnished with the understanding that they are intended for one of the purposes named in the statute. 18 R. C. L., 922, Sec. 52; *Chapin* v. *Persse et als*, supra; *Hill* v. *Bishop*, supra; *Wilson* v. *Howell*, 48 Kan., 150; *Whittier* v. *Puget Sound Loan etc. Co.*, 4 Wash., 666.

The sitting Justice in the case at bar found that the materials furnished were sold on an open account and on the sole credit of the defendant Griffith and with no intent to rely on a lien on a building in which they might be used, which we construe to be a finding that they were sold for general use.

Whether the notation which appeared on the memorandum of the order, "Shean job," was intended to indicate that the materials were furnished with the understanding that they were to be used in the erection or repair of a particular building owned by Mr. Shean, though its exact location was not then known to the plaintiff, other than it was at Oquossoc in the town of Rangeley, or whether it was intended merely as a shipping direction and in no way indicated any intent on the part of the plaintiff to rely on other than the credit of the defendant Griffith, was a question of fact to be determined upon all the evidence. The sitting Justice found against the plaintiff on this point. In view of his other findings it is not necessary to consider whether this finding was warranted by the evidence.

It does not follow as a matter of law that the sale of materials to a contractor on the usual terms of credit in the trade, if it does not extend beyond the limitation of filing notice of a lien, will prevent a lien from attaching, if the vendor knew that they were to be used in the construction or repair of a particular building is shown at the time of sale. Even the taking of a note it has been held was not necessarily a waiver of the lien. *Delano Mill Co.* v. *Warren et als*, 123 Me., 408.

The finding by the sitting Justice, however, under the circumstances of this case, that Albert Shean had no knowledge that the plaintiff furnished the lumber, was sufficient grounds for dismissing the bill.

We do not mean to go so far as to hold that although the owner of a building may not know who actually furnished the materials, he may not by circumstances be put upon his notice that they were not being all furnished by his contractor, and be held to consent thereto, as in the case of *Norton* v. *Clark*, 85 Me., 357, and thereby be required to at least exercise reasonable diligence and good faith in making inquiries in case he desired to give the statutory notice to avoid a lien.

Griffith testified that he informed Albert Shean at the outset where he was obtaining the lumber and in this was to some extent corroborated by the wife, but Albert Shean testified that Griffith assured him that he had the necessary lumber on hand, and that he, Shean, never heard of the plaintiff Company until notice of the lien claim was filed or this action was brought. If Shean's testimony was believed, no consent to the furnishing of the materials by other parties could be implied. The sitting Justice heard the witnesses and accepted Shean's testimony, since if he had believed Griffith, he must have found that the lumber was furnished by the plaintiff with the full knowledge of Shean.

The issue of knowledge and consent on the part of Albert Shean involved purely a question of veracity between witnesses. This Court, unless the testimony of the witness accepted by the Court below is so inherently improbable as not to be susceptible of belief by a reasonable person or is overwhelmed by evidence of other witnesses, will not disturb his findings.

Having accepted Albert Shean's testimony, the materials in this

case can not be held to have been furnished by the plaintiff with his consent, and *a fortiori* can not be held to have been furnished with the consent of Lawrence Shean, the owner of the land.

> *Appeal dismissed with additional costs.*
> *Decree below affirmed.*