L. C. ANDREW
*vs.*
ERNEST A. DUBEAU
WILLIAM R. STANTON
AND
LUCY A. STANTON

Cumberland.  Opinion, November 14, 1958.

*Martial D. Maling,* for plaintiff.

*Devine & Devine,*
*James Desmond,* for defendant.

SITTING: WILLIAMSON, C. J., WEBBER, SULLIVAN, DUBORD, SIDDALL, JJ. TAPLEY, J., did not sit.

DUBORD, J. This is a bill in equity brought to impress certain land and buildings owned by the defendants, William R. Stanton and Lucy A. Stanton, with a lien provided for by Section 34, Chapter 178, R. S., 1954.

It is alleged that certain materials sold by the plaintiffs to the other defendant, Ernest A. Dubeau, a building contractor, were used by Dubeau in repairs on the Stanton property.

The plaintiff sought to recover the amount of $564.29 for materials alleged to have been furnished between October 25, 1956 and November 16, 1956.

The defendant, Ernest A. Dubeau, filed no appearance and the bill was taken against him pro confesso. The other defendants contested the claim. The presiding justice found for the plaintiff in the amount of $361.01, plus interest and costs, and the Stanton property was ordered to be sold in satisfaction of the lien. There is nothing in the decree to indicate how the presiding justice arrived at the amount of his judgment. Manifestly, he allowed some of the items listed in plaintiff's bill and disallowed others, but there is nothing to show what items were allowed or disallowed.

From this finding, the defendants William R. Stanton and Lucy A. Stanton, appealed and the case is before us on this appeal.

Section 21, Chapter 107, R. S., 1954, provides that upon an appeal, this court may affirm, reverse or modify the decree of the court below or remand the cause for further proceedings as it deems proper.

In an equity appeal the cause in the appellate court is heard anew upon the record. *Trask* v. *Chase,* 107 Me. 137,

77 A. 698; *Doyle* v. *Williams*, 137 Me. 53, 15 A. (2nd) 65; *Woodsum* v. *Portland R. R.*, 144 Me. 74, 65 A. (2nd) 17; *Sears Roebuck & Company* v. *Portland*, 144 Me. 250, 68 A. (2nd) 12.

We have examined the evidence in this case very carefully, bearing in mind that the findings of the sitting justice are to stand unless shown to be clearly erroneous. *Trask* v. *Chase, supra; Wolf* v. *W. S. Jordan Company*, 146 Me. 374, 82 A. (2nd) 93.

One who seeks the benefit of the so-called lien statute, has a burden of establishing by probative evidence the fact that the materials for which he seeks a lien were furnished for one or more of the purposes set forth in the statute and that the materials were in fact so used.

Where the materials were not furnished under a contract with the owner, the plaintiff must show that they were furnished with the owner's consent; and it must also appear that they were furnished for the construction, alteration or repair of a particular building and were not sold on open account for general use. See *J. W. White Co.* v. *Griffith*, 127 Me. 516, 145 A. 134.

It is provided by Section 36 that where the contract to furnish labor and materials is not made directly with the owner of the property affected, the lien accorded by Section 34, shall be dissolved unless a true statement of the amount due the seller, with all just credits given, together with a description of the property intended to be covered by the lien sufficiently accurate to identify it, and the names of the owners, if known, shall be filed with the Registry of Deeds for the county in which the property is located, within 60 days after the seller has ceased to furnish materials.

In this case, the plaintiff filed such a statement on January 15, 1957, which is exactly 60 days from November 16,

1956, the date upon which it is claimed the last materials were furnished.

In order to prove his case, the plaintiff put on three witnesses. The first witness was his credit manager. This witness had no knowledge as to whether or not the materials for which the plaintiff is seeking compensation actually went into the Stanton building. His testimony, in large measure, was limited to an explanation of the method used by the plaintiff in keeping a record of the date of delivery of materials.

It is contended by the plaintiff that the last materials furnished were garage doors, delivered on November 16, 1956. If this date was the correct date, then the certificate filed in the Registry of Deeds was filed on time. If the date of delivery was earlier than November 16, then the filing was delinquent and upon this point the plaintiff's case would fail. There was a conflict of evidence upon this issue. One of the defendants testified that the garage doors in question were delivered on November 10, and not on the 16th. Two witnesses corroborated this testimony. However, this was a question of fact and a determination by the sitting justice based upon the credibility of the witnesses must stand.

We direct our attention, therefore, to whether or not there was evidence of probative value and strength to support a finding that the materials sold by the plaintiff to the defendant, Dubeau, and for which a lien is claimed, were actually sold by the plaintiff with an understanding on his part that they were to be used for repairing the Stanton building, and whether or not any or all of the materials were so used; and also whether or not the evidence supports a finding that the Stantons consented to the furnishing of the materials in question.

One of the other witnesses for the plaintiff was a truck driver who had delivered some of the materials to the site

of the Stanton property. His testimony was of no help in determining whether or not the materials were actually used in repairing the building.

It appears from the testimony of the plaintiff's credit manager that the plaintiff had been selling building materials to the defendant, Dubeau, for a substantial period of time and that the materials delivered at the Stanton property were sold to Dubeau upon open account. Dubeau testified that he was purchasing materials from the plaintiff and having them delivered at the Stanton property for his own convenience, some of them to be used in the Stanton property and some to be used elsewhere.

There is evidence in the record to support a finding on the part of the sitting justice that the Stantons knew that Dubeau was purchasing the materials for the repair of their building from the plaintiff. The circumstances lend validity to a decision that the materials were furnished with the consent of the Stantons.

It is indicated by the evidence that some of the materials delivered to the Stanton property, were intended for use in the Stanton building and that others were delivered to the defendant, Dubeau, for general use.

As to those materials sold to Dubeau on open account, and delivered to him for general use, there can be no lien.

Our task is to determine what materials were actually incorporated into the Stanton building. For this proof, the plaintiff had to rely upon the testimony of the defendant, Dubeau. The evidence elicited from this witness is replete with uncertainty and conjecture.

As a result of a painstaking review of his testimony, we have come to the conclusion that it supports proof that only the following materials were actually used for the repairs on the Stanton building: (1) materials listed in defendants'

exhibit B, in the amount of $33.53; (2) metal step rails billed at $16.00; and (3) garage doors billed at $142.80, for a total of $192.33.

We, therefore, rule that the plaintiff is entitled to a lien in the foregoing amount of $192.33, together with interest from the date of the bill in equity, plus taxable costs exclusive of the costs on this appeal.

The entry will be

> *Appeal sustained. Remanded for modification of decree in accordance with this opinion. Appellants to have costs on appeal.*