E. A. THOMPSON LUMBER CO.
*vs.*
ROBERT A. HEALD
BEVERLY K. HEALD
AND
JOHN MACMULLEN

Kennebec.   Opinion, February 23, 1961.

*Richard B. Sanborn,* for plaintiff.

*Louis I. Naiman,* for defendant.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, DUBORD, SIDDALL, JJ.

WEBBER, J.   This was a bill in equity brought under the rules of practice in effect prior to December 1, 1959 to enforce a lien claimed under the provisions of Sections 34 and 38 of R. S., Chap. 178.  Plaintiff furnished materials to the contractor MacMullen who was engaged to erect a garage building for defendants Heald.  The justice below found evidence supporting a lien in the amount of $532.58 but disallowed as non-lienable an amount of $1354.45, the value of materials not adequately shown to have been incorporated into the building.  A personal judgment for the latter amount was ordered as against the defendant contractor. As a basis for appeal the plaintiff contends (1) that the evidence compelled a finding that plaintiff was entitled to a lien for the full amount of labor and materials alleged to have been furnished, and (2) that in any event the personal judgment ordered against the contractor should have been for the full amount of the claim inclusive of both lienable and non-lienable items.

Plaintiff recognizes the well established rule that one claiming a lien has the burden of proving that the materials furnished were incorporated into the building.  *Fletcher, Crowell Co.* v. *Chevalier,* 108 Me. 435; *Andrew* v. *Dubeau et al.,* 154 Me. 254.  Plaintiff urges upon this court, however, that the supplier of labor and materials should be aided by a presumption in such a case as this.  The contention is that when a supplier has shown (1) that all the materials for which a lien is claimed were delivered to the construction site and charged to the designated job; (2) that construction emerges composed of materials of the type furnished; (3) that some of the materials furnished are specifically identified as having been incorporated into the construction; and (4) that all the materials furnished are necessary for and suitable to the completion of the building,

a *presumption* arises that all the materials furnished did in fact enter into the construction and thus became lienable. The effect of such a presumption, according to the plaintiff, would be to shift to the owner the burden of proving that some part of the materials was diverted and did not become incorporated into the construction.

It may be said at the outset that such a presumption, if it were to be recognized by this court, could only have the effect of placing upon the defendant owner the burden of *going forward with evidence* sufficient to satisfy the fact-finder that the non-existence of the presumed fact is as probable as its existence. The burden of proof does not shift. *Hinds* v. *John Hancock Ins. Co.*, 155 Me. 349.

Should such a presumption be recognized? Of the several reasons which prompt the raising of presumptions (discussed at page 363 in *Hinds*), the plaintiff adopts that which is there stated as "(b) to require the litigant to whom information as to the facts is the more easily accessible to make them known." Plaintiff has directed our attention to a number of cases collected in Annotations in 71 A. L. R. 110 and 39 A. L. R. (2nd) 427 which recognize a rule of evidence tending to lighten the burden of proof required of materialmen in such cases. Many of these cases reached the appellate level after a finding by the factfinder favorable to the lien claimant and tend to leave unanswered the question whether the fact of delivery of suitable materials to the site should, in the absence of contrary evidence, *compel* the finding that all such materials were incorporated into the structure, or whether that fact should merely *permit or justify* such a finding if it is made. It is true that a number of these cases seem to use the word "presumption" in its full technical sense. Others use the word more loosely. We are not persuaded, however, that a technical presumption with its compulsive aspect should be recognized. It is true that in the ordinary case the materials supplied to a con-

tractor at a construction site are used in the building, but it is likewise true that in the ordinary case they are fully paid for by the contractor to whom the supplier extends credit in the first instance and no lien problem arises. In those more infrequent cases where lien claims become necessary it is often found that the contractor has proved unreliable either financially or otherwise. It is by no means uncommon for such contractors to manipulate materials in order to inflate credit or keep work in progress on several jobs at once. The average owner under present day conditions is not possessed of sufficient knowledge and skill to appraise accurately what is actually incorporated into a structure or what may have been diverted without his knowledge. Most materialmen are knowledgeable in such matters. Although proof of the four basic facts enumerated above should be deemed adequate to warrant a reasonable inference upon which an ultimate finding of incorporation might properly be based, we are not persuaded that any presumption exists which would *compel* the finding in the absence of any contrary evidence. We note that although the requirements of proof in lien cases have often been discussed, no prior opinion of this court has intimated or suggested that such a presumption might exist.

In the instant case the justice below did not see fit to find the ultimate and essential fact of incorporation as to the items disallowed. For that matter it is not clear that he was wholly satisfied that the four basic facts which might warrant an inference were proven by a fair preponderance of the evidence. The testimony given by plaintiff's witnesses was tinged with uncertainty. Defendant Heald on cross-examination without objection voiced the suspicion that material was diverted from his job. Admittedly he was only at the site an hour or two at a time and was in no position to observe all that took place. The weight to be given to the testimony of the witnesses was for the factfinder and

upon this evidence it cannot be said that his determination that only a part of the items are lienable is clearly wrong.

The contention of the plaintiff that in any event it should have been awarded personal judgment against the defendant contractor for all the materials furnished, whether lienable or non-lienable, presents an issue which has not heretofore been precisely determined. In *Fletcher, Crowell Co.* v. *Chevalier, supra,* the mandate provided for a "personal judgment" against the contractor for the amount of the non-lienable items and a "judgment" against the same defendant for the amount of the lienable items, "and a lien therefor on the land and building" of the defendant owner. We have reason to believe that the practice has varied from case to case with the practical results obviating the necessity of obtaining clarification by judicial review. We look in the first instance to the terms of the applicable statute. R. S., Chap. 178, Sec. 43 provides: "If the proceeds of the sale after payment of costs and expenses of sale are insufficient to pay the lien claims and costs in full, the court may render judgment against the debtor in favor of each individual lienor for the balance of his claim and costs remaining unpaid, and may issue executions therefor. If the proceeds of sale, after the payment of costs and expenses of sale, are more than sufficient to pay the lien claims and all costs in full, the balance remaining shall be paid to the person or persons legally or equitably entitled thereto." In *Maxim* v. *Thibault,* 124 Me. 201 at 206, our court, construing the statute, seemed to deny the authority of the court to issue any personal judgment except for a deficiency established by a sale ordered by the court. The court said: "The plaintiff (supplier) is only entitled to judgment against his debtor (contractor) for any deficiency in the proceeds of sale. If his *judgment against the building* is satisfied from the proceeds of sale, or is paid by the owners to prevent the sale of their property, *judgment against the debtor is not authorized.* * * * If the lien judgment is satisfied by the

payment thereof by (the owners) within a time to be fixed in the decree, the cause proceeds no further; otherwise the cause is to be retained upon the docket for sale of the property and further proceedings, in accordance with (the statute) and said decree. The costs should be taxed and stated in the decree." (Emphasis supplied.) It is not entirely clear from the opinion whether or not the court had the matter of personal judgment *for non-lienable items* in mind in announcing this construction of the statute. The opinion is in terms broad enough to include such a prohibition. We can only say that if such has been the effect of a statute in force and unchanged for many years, it has been honored mainly in the breach. We do not think the statute which provides affirmatively for the judgment for any deficiency was intended by the legislature to prevent the inclusion in such a judgment of the non-lienable items found to be due from the contractor. The latter is always under such circumstances a necessary party and is before the court. *Andrew* v. *Bishop,* 132 Me. 447. The ascertainment of the debt which underlies the lien is an essential part of the proceeding. *Cole* v. *Clark,* 85 Me. 336, 338. Equity should finally resolve all of the issues which are inextricably related in the controversy. The procedure outlined by *Maxim* will procure this result if we but include in the final judgment against the defendant contractor the amount of the non-lienable items. It should be noted that no judgment is awarded against the owner where, as in the instant case, he never contracted with the plaintiff supplier but dealt only with his contractor. Judgment for the amount of the lien is in rem and runs against the land and buildings on which the lien is imposed. To implement the foregoing rules of law, the justice who has the matter for disposition should first make his findings determining the total amount of the materials furnished to the defendant contractor for the owner's job as well as the amount thereof secured by lien on the owner's property. He should then award judgment

against the land and buildings for the amount of the lien and costs (R. S., Chap. 178, Sec. 42) and should order the property sold, in event of non-payment within the time prescribed, on the terms and in the manner provided by the statute. The case, however, should remain on the docket. If a deficiency is established by the sale, the amount thereof should be determined by the court. Judgment should then be awarded against the defendant contractor for the amount of such deficiency as provided by statute and the amount of any non-lienable items together with such interest and costs as the court may determine. It is obvious that where, as in the more usual case, the lien is fully discharged either by payment before sale or by the proceeds of a sale, judgment against the defendant contractor will be limited to the non-lienable items, interest and costs.

In the instant case, the plaintiff has not shown itself aggrieved or prejudiced by any error below. It is obvious that the property subject to lien has a value substantially in excess of the lien obligations and that no party anticipates any deficiency. The justice below awarded to the plaintiff judgment against the defendant contractor for all to which it will under these circumstances ever become entitled, that is, the amount of the non-lienable items. Plaintiff offers no complaint upon this appeal merely because the award of judgment may have been premature. In fact it may be presumed that the decree below was prepared by counsel in accordance with usual equity practice, and we note that it was seen and agreed to as to form by both counsel. There is no merit in the plaintiff's sole contention that judgment against defendant contractor should have been for *all* the materials furnished. Such a result would render meaningless the statute quoted above. We therefore see no occasion for sustaining the appeal. We note, however, that judgment was erroneously awarded against the defendant owners for the amount of the lien. The pertinent orders and decrees should

be altered to conform with the procedure suggested in this opinion.

*Appeal denied. Case remanded for alteration of orders and decrees in accordance with this opinion.*