**LaPOINTE BROTHERS, INC.**

**v.**

**Lee I. FARRELL et al.**

Supreme Judicial Court of Maine.

Aug. 27, 1976.

---

Southard, Hunt & Hebert, by Frank E. Southard, Jr., Maurice E. Hebert, Augusta, for plaintiffs.

Wathen & Wathen, by Daniel E. Wathen, Jessie H. Briggs, Augusta, for defendants.

Before DUFRESNE, C. J., and WEATHERBEE,* WERNICK, ARCHIBALD and DELAHANTY, JJ.

DELAHANTY, Justice.

In the spring of 1971, Lee and Sally Farrell engaged Mark Goedecke, a building contractor, to construct an addition to their home in South Gardiner. Goedecke ordered building material valued at $2,256.56 from LaPointe Brothers, Inc., (LaPointe) and this material was delivered to the Farrell house. When LaPointe was not compensated for the material which it had supplied, it took all the procedural steps necessary to perfect a mechanic's lien on the Farrell house and surrounding property pursuant to 10 M.R.S.A. §§ 3251, 3253.

LaPointe subsequently brought a complaint in the Superior Court (Kennebec County) to preserve and enforce the lien, see 10 M.R.S.A. §§ 3255, 3257, naming the Farrells and Goedecke as co-defendants.[1] Following a hearing before a single Justice without intervention of a jury, the Court issued the following order:

Judgment for Plaintiff against the Defendants Lee I. Farrell and Sally E. Farrell in the sum of $2,256.56 with interest and costs. Plaintiff has a lien upon the said Defendants' land and

---

* Mr. Justice WEATHERBEE sat at oral argument and participated in conference but died before this opinion was adopted.

1. The Farrells filed a cross-claim against Goedecke which resulted in the entry of a default judgment of $2,256.56 for the Farrells against Goedecke prior to trial. Goedecke is not a party to this appeal.

buildings described in the Complaint. Unless within sixty (60) days hereof the said Defendants pay to the Plaintiff the sum of $2,256.56 with interest and costs the said land and buildings shall be sold and the proceeds applied to discharge the lien and the balance, if any, paid to said Defendants.

The Farrells, co-defendants below, have appealed on the ground that the evidence is insufficient to support the judgment of the Superior Court. We agree and sustain the appeal.

The evidence adduced at trial may be summarized as follows:

It is undisputed that in April, 1971 Goedecke and Lee Farrell paid a single visit to LaPointe's offices and that this visit was the only direct contact between LaPointe and the Farrells at any time material to this action. According to Norman LaPointe, the plaintiff's president, Farrell made definite oral arrangements with LaPointe at that time for the delivery of certain building materials to his house which were to be used in the construction of the new addition. Farrell, however, denied that he had had any communication with LaPointe in regard to the delivery of building material.

Ellsworth York, a truck driver for LaPointe, testified that he delivered building material to the Farrell house on several occasions while construction on the addition was in progress. On one of these occasions he observed Lee Farrell on the premises, but was unable to say whether the latter was aware of why he (York) was there. Farrell acknowledged that he had once seen the plaintiff's truck on his property, but that he did not notice whether any building material from LaPointe was unloaded. Farrell maintained, moreover, that he had no knowledge of the sources of the various material which was used by Goedecke in the construction of the addition, because he had left it to Goedecke to transact any necessary business with subcontractors.

Finally, Farrell testified that not all of the material that was delivered to his house was actually used in the construction of the addition. After the job was completed, according to Farrell, Goedecke removed a "big stack of lumber" from the site.

Following the entry of judgment, the Farrells made a timely request pursuant to M.R.Civ.P. 52(a) that the presiding Justice make findings of fact respecting 1), "[t]he time and manner of Defendant's [sic] consent to any performance of labor or supply of materials," and 2) "[t]he incorporation of any materials supplied to the Defendants in the premises on which a lien is claimed."

The presiding Justice responded by issuing these findings:

1. No consent is found in the conversation of the parties on or about April, 1971, the passage of time having made both versions of said conversation unreliable. Consent is found by reason of the fact that Defendant, Lee Farrell, observed and had knowledge of the presence of Plaintiff's truck at the premises.

2. Incorporation of the materials is inferred from the testimony that the materials supplied by the Plaintiff were consistent with the materials with which the building is constructed.

The appellants attack the court's factual findings as unwarranted by the evidence. Before considering this contention, it is appropriate that we briefly examine the legal significance of the court's findings.

The substantive statute under which this action was brought, 10 M.R.S.A. § 3251 (prior to amendments effective September 23, 1971) reads, in pertinent part,

> Whoever . . . furnishes . . . materials . . . in erecting, altering, moving or repairing a house, building or appurtenances, . . . by virtue of a contract with or by consent of the owner,

has a lien thereon and on the land on which it stands and on any interest such owner has in the same, to secure payment thereof, with costs.

■ In order for a lien to attach under this statute, it must appear that the material in question was furnished "by virtue of a contract with or by consent of the owner." In the instant case, no contract between the Farrells and LaPointe was alleged or proved, and the court therefore had to find that LaPointe furnished the building material with the consent of the Farrells in order to impress the lien upon the real estate.

■ In addition to proving that the material was furnished "by virtue of a contract with or by consent of the owner," one who claims a lien under § 3251 must also show that the material furnished was *actually used* in "erecting, altering, moving or repairing [the] house, building or appurtenances." *Marshall v. Mathiew*, 143 Me. 167, 169, 57 A.2d 400, 401 (1948) ; *J. W. White Company v. Griffith*, 127 Me. 516, 518, 145 A. 134, 135 (1929). Only such material as was so used is protected by the lien.

■ Our review of the Justice's findings is circumscribed by M.R.Civ.P. 52(a) which provides that "findings of fact shall not be set aside unless clearly erroneous . . . ." Findings of fact which are supported by credible evidence are not clearly erroneous. *Atlantic Acoustical & Insulation Co. v. Moreira*, Me., 348 A.2d 263, 266 (1976). The appellant carries the burden of demonstrating that the trial court's factual findings are clearly erroneous. *Leighton v. Leighton*, Me., 329 A. 2d 164, 165 (1974).

■ Our reading of the record leaves us with no alternative but to hold that the court's *second* factual finding, *i. e.*, that the building material which was furnished by LaPointe was actuallly used in the construction of the addition to the Farrell house, or "incorporated" in the building, is clearly erroneous and must be set aside. Without this factual finding, the judgment below cannot stand, and we therefore sustain the appeal. We do not reach the issue of the correctness of the court's *first* factual finding, *i. e.*, that LaPointe supplied the building material with the consent of the Farrells, nor do we intimate any opinion thereon.

■ The presiding Justice "inferred" that the material delivered to the Farrell house by LaPointe was incorporated into the addition, but such inference is without an adequate evidentiary basis. Although the record shows that LaPointe made several deliveries of building material to the Farrell house, there is no probative evidence that any of the material so delivered was used in the construction of the addition. The fact of delivery of suitable materials does not compel but merely permits or justifies a finding of incorporation. *E. A. Thompson Lumber Co. v. Heald*, 157 Me. 78, 170 A.2d 156, 158 (1961). Lee Farrell's unrefuted testimony that Goedecke, the general contractor, removed a large quantity of lumber from the site at the job's completion, indicates that not all the building material which was delivered to the site was in fact utilized, but there was no evidence as to what portion, if any, of the material supplied by LaPointe became part of the addition to the Farrell house.

There was no evidence, in short, "that the materials [furnished] were in fact used in the . . . building on which [the] lien [was] claimed." *Mutual Lumber Co. v. Gero*, Me., 244 A.2d 564, 568 (1968). This defect in the plaintiff's case is fatal, and the entry is:

Appeal sustained.

POMEROY, J., did not sit.

All Justices concurring.