**STATE of Maine**

v.

**Judith BAKER.**

Supreme Judicial Court of Maine.

Aug. 28, 1978.

Henry N. Berry, III, Dist. Atty., Peter G. Ballou, Deputy Dist. Atty. (orally), Portland, Jeffrey Albanese, Law Student Intern, for plaintiff.

Lowry, Platt, Fitzhenry, Lunt & Givertz by Stephen C. Lunt (orally), Portland, for defendant.

Before McKUSICK, C. J., and POMEROY, WERNICK, ARCHIBALD, DELAHANTY, GODFREY and NICHOLS, JJ.

GODFREY, Justice.

Appellee Judith Baker was indicted on June 7, 1977, for the crimes of "trafficking in hypodermic apparatuses" in violation of 17–A M.R.S.A. § 1110 (Supp.1977) and "furnishing a Class Z drug (marijuana)" in violation of 17–A M.R.S.A. § 1106 (Supp.1977). After arraignment, she filed a motion for

discovery under Rule 16 of the Maine Rules of Criminal Procedure.[1] Her motion sought, among other things, the name of the informant relied on by the South Portland police in obtaining their warrant to search her residence.

Arguments on the motion were heard on July 1, 1977, but no court reporter was present. After the hearing, the presiding justice took the matter under advisement. Later in the day, on the face of the motion paper appellee had presented, the justice wrote "Motion granted" and the date. He did not sign or initial that notation. The docket entry for the motion, under date of July 1, 1977, merely read "Motion Granted."

The other material sought in the discovery motion was supplied to appellee's attorney, but the State did not reveal the name of the informant. Instead, on July 29, the State filed a motion to reconsider the discovery motion. On August 25, after a hearing, the justice who made the notation on the appellee's original motion for discovery denied the motion to reconsider. Still the State did not reveal the name.

On August 26, 1977, the appellee filed a motion to compel discovery or for dismissal of the charges, seeking application of Rule 509(c) of the Maine Rules of Evidence. A hearing on that motion was held one week later before a different Superior Court justice, who refused to reconsider the merits of the discovery motion heard by the first justice. Observing that no order had been issued on the original motion, he issued an order, dated September 2, directing the attorney for the State to provide the name of the informant to the defendant within ten days. The justice denied as premature the appellee's request for the alternative order of dismissal of the charges. Relying on the

provisions of 15 M.R.S.A. § 2115–A and Rule 39F(a) of the Rules of Criminal Procedure, the State appealed the September 2 order on September 8, 1977, with the required approval of the Attorney General.

In preparing the case for appeal, the parties agreed on a brief general statement of what had occurred at the hearing on July 1. That statement was approved by the justice who had first presided. The statement merely says that appellee had argued that the identity of the informant was necessary to her defense while the State had asserted that the information was privileged, the purpose of the privilege being "to protect a necessary law enforcement tool."

I

The State took this interlocutory appeal pursuant to 15 M.R.S.A. § 2115–A (Supps. 1975, 1977–78). Such an appeal must be taken "within 10 days after such order, decision, or judgment has been entered."[2] The appellee argues that the ten-day period began on July 1, 1977, the day the notation was made on her motion, and therefore the period for appeal expired on July 11.

The State's right to appeal on questions of law in a criminal case exists by virtue of the provisions of section 2115–A.[3] To appeal any decision, the State must comply with that statute. If the July 1 notation was a "ruling against the state" in a "pretrial order," within the meaning of section 2115–A, as appellee contends, this appeal must be dismissed as untimely.

■■■■ We hold that the mere notation of the first judge, with the docket entry thereof, does not constitute an "order" for purposes of an appeal under section 2115–A.

1. Since amended, effective January 3, 1978.

2. Now twenty days. P.L.1977, ch. 510, § 3, effective July 23, 1977.

3. On July 1, 1977, the applicable language of subsection 1 of section 2115–A provided, in part, as follows:

"An appeal may be taken by the State in criminal cases on question of law, with the written approval of the Attorney General, from the District Court and from the Superi-

or Court to the law court from a decision, order or judgment of the court . . . ruling against the State in any pretrial order. Such appeal shall be taken within 10 days after such order, decision or judgment has been entered, and in any case before the defendant has been placed in jeopardy under established rules of law. Any appeal which may be taken under this section shall be diligently prosecuted."

For purposes of application of the statute, the State is entitled to know definitely what it is directed by the court to do, in order to decide intelligently whether an appeal is called for. The efficiency of the appellate process is enhanced if the various time periods provided by statutes and rules begin unambiguously on the dates when judgments and orders are entered as such. *See State v. New,* 75 N.D. 433, 28 N.W.2d 522 (1947). No "pretrial order" was issued on July 1 within the meaning of section 2115–A. The denial by the first justice on August 25 of the State's motion for reconsideration of his July 1 ruling did not operate as an order of discovery.

## II

When the second justice issued his order on September 2, he was aware that no order had yet been issued on appellee's original motion, and it appears in the record from a colloquy between him and counsel that he issued the September 2 order "for the purpose of implementing the purported order" of the first justice on July 1. He carefully disclaimed any intention of passing upon the merits of the underlying controversy.

 Although the September 2 order does not on its face purport to be limited to implementing the July 1 action of the first justice, it is clear from the record that the second justice intended it to have that effect. He recognized correctly that the order could not stand if it were not based on the July 1 hearing and notation since it was not grounded on any findings or conclusions of his own. In particular, he did not make the findings required in such a case by the provisions of subsection (c)(2) of Rule 509 of the Rules of Evidence.[4] As a matter of judicial policy and in the interest of intra-court comity, a judge should not, except in extraordinary circumstances, issue an order that disposes of a pretrial motion that has been heard not by him but by another judge of the same court. Compare *Warren v. Waterville Urban Renewal Authority,* Me., 259 A.2d 364, 366–67 (1969); *State v. Dubois,* Me., 258 A.2d 797 (1969); *Belanger v. Belanger,* Me., 240 A.2d 743, 744 (1968).

 Though intended to implement the notation of July 1, the September 2 order did not in fact implement it in a purely ministerial way: for example, it gave the State ten days within which to provide defendant with the name of the informant—a provision not implicit in the July 1 notation. We conclude therefore that the order of September 2 was improvidently issued and that the appeal must be sustained.

The entry is:

Appeal sustained.

Remanded for vacation of the September 2, 1977, order. Further proceedings, if any, to be in accordance with Rule 509, M.R. Evid.

---

4. Under Rule 509, M.R.Evid., if the State invokes its privilege under section (a) of refusing to disclose the name of an informer and if that privilege is not lost by application of section (c)(1), then the provisions of section (c)(2) must be carefully observed. In a criminal case, a defendant who seeks such a disclosure must show that the informer "may be able to give testimony necessary to a fair determination of the issue of guilt or innocence" in order to bring into operation the further provisions of the Rule. No other showing will invoke the operation of section (c)(2) with the further requirements it imposes on the defendant and the State.