**MAINE SAVINGS BANK**

v.

**Norma E. DeCOSTA.**

Supreme Judicial Court of Maine.

July 18, 1979.

---

Verrill & Dana by David C. Hillman (orally), Portland, for plaintiff.

Nisbet, MacNichol & Ludwig by Francis M. Jackson (orally), South Portland, for defendant.

Before POMEROY, WERNICK, ARCHIBALD and DELAHANTY, JJ., and DUFRESNE, A. R. J.

DUFRESNE, Active Retired Justice.[1]

Maine Savings Bank (Bank) was plaintiff in a complaint of forcible entry and detainer against the defendant, Norma E. Decosta, in the District Court, District IX, Division of Southern Cumberland. After hearing, the District Court Judge rendered the following decision:

"It is ORDERED and ADJUDGED that judgment be entered for the Plaintiff, Maine Savings Bank, against the Defendant, Norma E. DeCosta, for possession of the following described land and premises:

[property described]

"It is further ORDERED and ADJUDGED that a Writ of Possession shall be issued by this Court to the Plaintiff for said premises five days after entry of this FINDINGS OF FACT, ORDER AND ENTRY OF JUDGMENT."

The docket entry purporting to note the above judgment reads as follows:

"8/15/78 FINDING OF FACT ORDER AND ENTRY OF JUDGMENT SIGNED BY JUDGE [X]."

Thereafter, the pertinent docket entries in the District Court show:

"8/22/78 MOTION FOR A NEW TRIAL FILED.

"9/22/78 MOTION DENIED FOR A NEW TRIAL SIGNED BY JUDGE [X].

"10/2/78 APPEAL FILED WITH $25. APPEAL FEE."

In the Superior Court, the Bank filed a motion to dismiss the defendant's appeal on the ground that the Superior Court lacked jurisdiction of the appeal, owing to the fact, among other things, that the defendant failed to file her notice of appeal "within five days after judgment" as required by Rule 80D(f) of the Maine District Court Civil Rules which purports to establish the time period for appeals in forcible entry and detainer actions.

Rule 80D, in pertinent part, provides as follows:

"(a) *Applicability to Forcible Entry and Detainer.* These rules shall govern the procedure in forcible entry and detainer actions except as otherwise provided in this rule.

\*    \*    \*    \*    \*    \*

1.  Sitting by assignment.

"(f) *Appeal and Recognizance.* Either party may appeal as in other civil actions, except that the appeal shall be within five days after judgment, and the appellant shall furnish the recognizance required by law."

The Superior Court agreed with the Bank's position and dismissed the defendant's appeal for lack of jurisdiction, remanding the case to the District Court.

Claiming that Rule 73(a), D.C.C.R., applied, notwithstanding the provision of Rule 80D(f), and that the time within which an appeal could be taken was 10 days from the entry of the judgment appealed from, the defendant has appealed the Superior Court dismissal to this Court.

■ Without intimating what our decision would be on the merits of the issue raised by the parties, we conclude that the defendant's original appeal from the District Court to the Superior Court was premature, since the District Court's judgment in forcible entry and detainer was never properly noted on the docket and such judgment never became effective. Without entry of the judgment on the docket, the Superior Court lacked jurisdiction of the appeal from the District Court and the Law Court in turn did not have jurisdiction of the appeal from the Superior Court.

■ The time periods within which appeals must be taken, whether from the District Court to the Superior Court or from the Superior Court to the Law Court, are jurisdictional. *Torrey v. Full Gospel Church of Searsport*, Me., 394 A.2d 276 (1978); *Harris Baking Company v. Mazzeo*, Me., 294 A.2d 445 (1972); *Kittery Electric Light Co. v. Assessors of Town*, Me., 219 A.2d 744 (1966).

This Court stated in *Maine Mack, Inc. v. Skeels*, Me., 330 A.2d 420, at 422 (1975):

"[W]e see no reason, in logic, to treat the appealability of a District Court judgment in any different manner than comparable judgments are dealt with on appeal from the Superior Court to the Law Court. In either event, the appellate court must be vested with jurisdiction of the case."

■ The triggering mechanism which starts the running of the time within which an appeal may be taken is the entry on the docket of the judgment appealed from.

Rule 79, D.C.C.R., reads as follows:

"(a) *Civil Docket.* The clerk shall keep the civil docket, and shall enter therein each civil action to which these rules are applicable. Actions shall be assigned docket numbers. Upon the filing of a complaint with the court, the Christian and surname of each party and each trustee, and the name and address of the plaintiff's attorney shall be entered upon the docket. Thereafter the name and address of the attorney appearing or answering for any defendant or trustee shall similarly be entered. All papers filed with the clerk, *all* appearances, orders, and *judgments shall be noted* chronologically *upon the docket* and shall be marked with the docket number. *These notations shall briefly show* the nature of each paper filed or writ issued and *the substances of each order or judgment of the court* and of the returns showing execution of process. In the alternative the notation of an order or judgment may consist of an incorporation by reference of a designated order, judgment, opinion or other document filed with the clerk by the court, provided that the notation shows that it is made at the specific direction of the court. The notation of an order or judgment shall show the date the notation is made. No extended record need be kept or made." (Emphasis supplied)

Rule 58, D.C.C.R., on the other hand, mandates that

"[j]udgment after hearing shall be entered forthwith upon rendition of the decision. *The notation of a judgment on the docket constitutes the entry of the judgment, and the judgment is not effective before such entry.* The entry of the judgment shall not be delayed for the taxing of costs. Notice of the entry of the judgment shall be given in accordance with Rule 77(d)." (Emphasis added)

Rule 59, D.C.C.R., in relation to new trials in the District Court, says that "Rule 59 of the Maine Rules of Civil Procedure governs procedure in the District Court so far as applicable." The reference Rule 59(b), M.R. Civ.P., provides that "[a] motion for a new trial shall be served not later than 10 days after the entry of the judgment."

Rule 73, D.C.C.R., in pertinent parts, reads as follows:

"(a) *Appeal.* An aggrieved party may appeal from a judgment of the District Court to the Superior Court in the county in which the division of the District Court entering judgment is located. The time within which an appeal may be taken shall be 10 days from the entry of the judgment appealed from, except that:

. . . . .

\* \* \* \* \* \*

"The running of the time for appeal is terminated by a timely motion made pursuant to any of the rules hereinafter enumerated, and the full time for appeal fixed in this subdivision commences to run and is computed from the entry of any of the following orders made upon a timely motion under such rules: \* \* \* denying a motion for a new trial under Rule 59. . . . "

■ Rule 80D, D.C.C.R., sets up special rules which govern the procedure in forcible entry and detainer actions, such as permitting defense of the action without the filing of a responsive pleading; making such actions in order for trial on the return day; outlawing any joinder with any other action or the filing of a counterclaim; establishing venue in the division in which the property is located. As stated previously, the rule further says that "[e]ither party may appeal as in other civil actions, except that the appeal shall be within five days after judgment," (Rule 80D(f)) and that "[a] writ of possession shall issue five days after entry of judgment therefor." (Rule 80D(j)). This comprehensive procedural structure applicable to actions of forcible entry and detainer must be read together with the whole body of District Court Civil Rules as the introductory section (a) of Rule 80D expressly requires.

"These rules [the District Court Civil Rules] shall govern the procedure in forcible entry and detainer actions except as otherwise provided in this rule [Rule 80D]."

■ The Bank argues that, since Rule 80D(f) provides that either party may appeal as in other civil actions, except that the appeal shall be within five days after judgment, instead of requiring the taking of the appeal "within five days after *the entry* of judgment" which is the common terminology in all other areas of the rules, a departure from the general requirement that appeal periods commence with the entry of judgment was intended. We disagree.

■ As in the case of statutory interpretation, to determine the intent underlying a particular rule of court, the whole body of the rules affecting the specific area of concern, together with the general provisions which may have effect thereon, must be considered and different sections may be read together so that ambiguous or conflicting parts thereof may be so construed as will form a consistent and harmonious whole. See *In re Belgrade Shores, Inc.,* Me., 359 A.2d 59, 61 (1976); *Steele v. Smalley,* 141 Me. 355, 44 A.2d 213 (1945).

■ In carrying out the spirit of Rule 80D in connection with the right of appeal as provided by subsection (f) thereof, all parts of the rule itself, together with the entire body of rules governing procedure in the District Court, must be viewed as a whole. It is the underlying intent which controls and not necessarily the literal language which has been used to express that intent. To that end, ambiguities should be resolved and the effects of obvious omissions should be neutralized to prevent an absurd or anomalous result. See *Farris ex rel. Bowker v. Libby,* 141 Me. 362, 44 A.2d 216 (1945).

Section (j) of Rule 80D provides that the writ of possession shall issue five days after entry of judgment for possession. It is unrealistic to believe that the framers of our rules of procedure in forcible entry and

detainer actions would condition the issuance of the writ of possession upon the expiration of five days from the *entry* of the judgment for possession, but established the starting point of the time for appeal upon the rendition of the judgment of possession instead of upon the entry of said judgment on the docket.

The Committee's Notes confirm our analysis to the effect that the purpose of section (f) of Rule 80D was solely to limit the appeal period in forcible entry and detainer actions to 5 days instead of the ordinary 10 days applicable in all other civil actions. See Maine Civil Practice, Field, McKusick and Wroth, Vol. 2, at page 506. The Commentary similarly indicates that "an appellant has only 5 days after *entry* of judgment for filing of the notice of appeal." (Emphasis ours). Id. § 180D.4, at pages 509–510.

■ The history respecting the drafting of our court rules as reflected in the Committee's Notes has persuasive force in the construction to be given to any part of the rules which may present some ambiguity or inconsistency. The absence in these notes of any mention that section (f) of Rule 80D was intended to supplant or modify Rule 58 relating to notation of judgments speaks forcefully for the non-existence of any such purpose.

Our interpretation of section (f) of Rule 80D is consistent with the speedy procedural approach which Rule 80D provides for trial of and appeal in forcible entry and detainer actions. Under Rule 58, judgment after hearing in such actions as in all other civil actions must be entered *forthwith* upon rendition of the decision. Thus, there was no need, in order to maintain the quick operation of the forcible entry and detainer process, to change the basic foundation of the appellate process, which is, as stated in Rule 58 that

"[t]he notation of a judgment on the docket constitutes the entry of the judgment; and the judgment is not effective before such entry."

■ Hence, we hold that Rule 80D(f), D.C.C.R., must be construed as if it read as follows:

Either party may appeal as in other civil actions, except that the appeal shall be within five days after entry of judgment, and the appellant shall furnish the recognizance required by law.

In the case at bar there never was an "effective" judgment to start the running of the appeal period, since the District Court judgment for possession of the real estate involved was not entered on the docket by the clerk. The clerk's entry under date of August 15, 1978—Finding of Fact Order and Entry of Judgment signed by Judge [X]—does not constitute the entry of judgment pursuant to Rule 79, D.C.C.R. The stated notation fails to indicate the nature and substance of the judgment of the court, nor does it show who the winning or losing party is. Neither does it qualify under the alternative method of noting a judgment on record by "incorporation by reference of a designated judgment," since there was no notation on the record that the judgment was being noted by incorporation by reference at the specific direction of the court (the court not having so directed in this case).

■ Therefore, the defendant's appeal was premature and the Superior Court, as well as this Court, had no jurisdiction of the appeal. As stated in *State v. Baker*, Me., 390 A.2d 1086, at 1089 (1978):

"The efficiency of the appellate process is enhanced if the various time periods provided by statutes and rules begin unambiguously on the dates when judgments and orders are entered as such."

The instant case is distinguishable from *Torrey v. Full Gospel Church of Searsport*, supra. In *Torrey*, this Court held that an appeal, taken after court action which did not constitute an "order" denying a request for findings of facts under Rule 52, was proper, notwithstanding that the court action and corresponding docket entry were ineffective to terminate the tolling of the period of appeal. The difference is that in *Torrey* there was a valid entry of the underlying original judgment under date of

February 1, 1977, which subsisted at the time of the filing of the notice of appeal. This Court viewed the filing of the appeal as an abandonment of the interim relief sought and a factual termination of the tolling of the appeal period. In this case, the appeal period never started to run, since the District Court's judgment for possession was never entered on the docket.[2]

■ The Bank has filed a motion to the Law Court for correction of the record pursuant to Rule 74(e), M.R.Civ.P. The District Court clerk's failure to make a proper entry of the judgment for possession was not an omission from the record or a misstatement therein with the scope of Rule 74(e), which could be the subject of record correction. Nor would such relief be available under the corresponding Rule 75(b), D.C.C.R., which grants similar correctional power to the District Court judge or the Superior Court.

The entry will be: Plaintiffs Motion for correction of the record denied. Defendant's appeal dismissed. Case remanded to the Superior Court for dismissal in the Superior Court of defendant's appeal and for the Superior Court to remand the case to the District Court for a proper entry therein by the clerk of the District Court judgment for possession. Costs to be taxed equally against the appellant and appellee.

McKUSICK, C. J., GODFREY and NICHOLS, JJ., did not sit.

---

2. We need not decide whether the motion for new trial was premature. At any rate, it could not toll a period of appeal which never started.

Upon its denial, there was no revival of a period of appeal which never commenced to run.