David W. Crook, Dist. Atty., J. Michael Talbot, Asst. Dist. Atty. (orally), Skowhegan, for plaintiff.

William F. Gore (on brief only), Portland, Daniel G. Lilley Law Offices, E. Paul Eggert (orally only), Portland, for defendant.

Before McKUSICK, C. J., GODFREY, NICHOLS and ROBERTS, JJ., and DU-FRESNE, A. R. J.

**STATE of Maine**

v.

**Michael G. ST. LEDGER.**

Supreme Judicial Court of Maine.

Argued Sept. 11, 1980.

Decided Sept. 15, 1980.

### MEMORANDUM OF DECISION.

On October 31, 1979, the District Court (Skowhegan) entered a judgment finding that defendant had committed the civil violation of possessing a usable amount of marijuana, 22 M.R.S.A. § 2383 (1980), and ordering a forfeiture of $150. Defendant filed a notice of appeal with the District Court on November 16, 1979; that is, on a date beyond the 10–day appeal period prescribed by D.C.Civ.R. 73(a). Although the

---

District Court docket transmitted to the Superior Court plainly displayed those facts and also contained the following notation:

11/16/79–Ordered clerk to process case to Superior Court although appeal untimely taken

defendant's appeal in the Superior Court was argued solely on the merits of the District Court's denial of a motion for suppression of evidence. On defendant's appeal to this court from the Superior Court's affirmance of the District Court judgment, the parties have again briefed only the merits of the appeal, ignoring the fatal jurisdictional defect. Since timely filing of the notice of appeal in compliance with D.C. Civ.R. 73(a) is mandatory and jurisdictional, *Maine Mack, Inc. v. Skeels*, Me., 330 A.2d 420 (1975), neither the Superior Court nor our court has ever acquired jurisdiction to entertain defendant's appeal.

This court, on its own initiative, must direct the following entry:

Superior Court judgment vacated.

Remanded to the Superior Court with direction to dismiss defendant's appeal from the District Court.

All concurring.