Donald L. JAMES

v.

Danny WITHAM, d/b/a Dan's
Used Cars.

Supreme Judicial Court of Maine.

Submitted on Briefs April 24, 1990.
Decided May 3, 1990.

Stephen C. Packard, Packard & Keenan, Newport, for plaintiff.

Burton G. Shiro, Shiro & Shiro, Waterville, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD, HORNBY and COLLINS, JJ.

PER CURIAM.

Danny Witham, proprietor of Dan's Used Cars, appeals from a judgment entered against him by the District Court and affirmed by the Superior Court. Because Witham failed to file his notice of appeal from the District Court to the Superior Court within the time required by M.R. Civ.P. 76D and was not granted an enlargement of that time, we direct dismissal of his appeal and remand to the District Court for the determination of attorney fees under 10 M.R.S.A. § 1476(4) (1980).

In a suit founded principally upon the Used Car Information Act, 10 M.R.S.A. §§ 1471–1478 (1980 & Supp.1989), Donald James sued Witham over Witham's refusal to rescind a sales contract for a defective truck he sold James in May 1988. On January 11, 1989, the District Court (Newport, *Kravchuck J.*) entered judgment in James's favor and awarded him $4,105, representing rescission of the sales contract, plus attorney fees and costs under 10 M.R. S.A. § 1476(4).

Witham's attorney filed a notice of appeal to the Superior Court on January 30, 1989, well beyond the 10–day appeal period provided by M.R.Civ.P. 76D, and subsequently filed a motion for findings of fact. The District Court denied the motion for findings of fact as untimely, but it made no ruling on the request for enlargement of time contained in the notice of appeal. The Superior Court (Penobscot County, *Smith, J.*) denied the appeal, prosecuted by new counsel for Witham, and affirmed the District Court's order. Witham appeals that decision to this court, and James cross-appeals from the Superior Court's failure to award him attorney fees.

■ In the notice of appeal to the Superior Court, Witham's trial attorney acknowledged that the appeal was untimely under M.R.Civ.P. 76D, formerly M.D.C. Civ.R. 73(a), but offered as an excuse the fact that he mailed Witham a copy of the

judgment but did not discover that Witham was vacationing in Florida until after Witham returned on January 30. In his motion to the District Court for reconsideration of its refusal to issue findings of fact, Witham's attorney assumed that because the Superior Court had docketed the appeal, its untimeliness had been excused. At no time, however, did the trial court grant an enlargement of time based on excusable neglect. The "excusable neglect" standard of Rule 76D is the same as that under M.D.C.Civ.R. 73(a) and as that under current M.R.Civ.P. 73(a). That standard is a strict one, requiring a showing of extraordinary circumstances to justify an untimely appeal. *See Estate of Everett,* 460 A.2d 1026, 1029 (Me.1983). Excuses such as that made by Witham's attorney fail utterly to constitute excusable neglect. *See Eaton v. LaFlamme,* 501 A.2d 428, 430 (Me.1985); *State v. One Blue Ford Pickup Truck,* 447 A.2d 1226, 1230–31 (Me. 1982). If the District Court had granted an enlargement of time on the basis of the excuse proffered in this case, we would be compelled to declare it an abuse of discretion. In any event, Rule 76D requires affirmative action by the court in order to extend the 10–day period of appeal. The trial court's refusal to take action on the request for enlargement of time is in itself the equivalent of a denial. The Superior Court should have dismissed Witham's appeal as untimely. *See Maine Savings Bank v. DeCosta,* 403 A.2d 1195, 1198 (Me. 1979); *Torrey v. Full Gospel Church of Searsport,* 394 A.2d 276, 278 (Me.1978); *Maine Mack, Inc. v. Skeels,* 330 A.2d 420, 422 (Me.1975).

■ The District Court properly awarded attorney fees to James for the proceedings in that court. Despite James's request, however, the Superior Court did not consider the award of fees. James has cross-appealed the issue of attorney fees at the appellate level. Under 10 M.R.S.A. § 1476(4), James is entitled to reasonable attorney fees incurred in defending against these appeals in both appellate courts. *See Colony Cadillac & Oldsmobile, Inc. v. Yerdon,* 558 A.2d 364, 368–69 (Me.1989).

This is an appropriate case for the assessment of full attorney fees, and we remand to the District Court for determination of the attorney fees on the successive appeals.

■ Witham's appellate counsel completely ignored the untimeliness of the Superior Court appeal in his briefs to this court. Despite our enlargement of time to file a reply brief on this issue, Witham's counsel has made no response to James's persistent assertion in his briefs on both appeals of the untimeliness of the appeal and James's request for sanctions for prosecuting these frivolous appeals. These are particularly appropriate circumstances for imposing the sanction of M.R.Civ.P. 76(f).

The entry is:

Judgment of the Superior Court vacated. Remanded to the Superior Court for dismissal of the appeal from the District Court, and for remand to the District Court for determination and assessment of reasonable attorney fees in both the Superior Court and the Law Court. Treble costs in the Law Court are awarded to plaintiff-appellee.

All concurring.