[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (NO. 107)
Plaintiff's second revised complaint alleges that defendant Connecticut National Bank (CNB) terminated employee Peter Turzer (plaintiff) on October 13, 1989. Count two of the complaint alleges that, between October 13, 1989 and July, 1991, plaintiff has on numerous occasions requested that defendant CNB provide plaintiff with a copy of all or part of his personnel file pursuant to Connecticut General Statutes 31-128g, which states:
 Each employer shall, within a reasonable time after receipt of a written request from an employee, provide such employee with a copy of all or part of his personnel file or provide such employee's physician with a copy of such employee's medical records, provided such request reasonably identifies the materials to be copied. Such employer may charge a reasonable fee for copying such file or records or any part of such file or records. Such fee shall be reasonably related to the cost of supplying the requested documents.
Count two alleges that despite plaintiff's numerous oral and written requests, CNB has knowingly, intentionally, and wrongfully refused to provide the plaintiff with his personnel file and continues to refuse in violation of the above statute. The plaintiff seeks damages alleging that, as a direct and proximate result of CNB's violation of Connecticut General Statutes 31-128g, plaintiff has suffered "financial and emotional damages."
CNB filed a motion to strike count two of plaintiff's revised complaint claiming that Connecticut General Statutes31-128g does not provide for a private cause of action.
A motion to strike is the proper mechanism for contesting the legal sufficiency of a pleading. Mingachos v. CT Page 8990 CBS, Inc., 196 Conn. 91, 108, 419 A.2d 368 (1985).
Connecticut General Statutes 31-128g is part of Title 31, Chapter 563(a), termed the "Personnel Files Act." The issue at hand has not been addressed by Connecticut courts. The way to remedy grievances under Connecticut General Statutes 31-18g may, however, be gleaned from the legislative intent of the statute:
Rep. Smith: (149th)
 . . .if, let's say, an employer has 5,000 employees and each of them sent in a written request to inspect his or her personnel [sic] files at the same time . . . who would be [the] determinant of what is a reasonable time [in accordance with the wording of 31-128g, for the processing of employees' requests]. . . .
Rep. Balducci: (27th)
 Yes, Mr. Speaker. The Commissioner, Labor Commissioner, would have that discretion, and if something like that were to happen, that's one of the reasons I think we discussed leaving the word, maybe for legislative intent to make sure we understand that idea, reasonable, would be just for that purpose. And if there was a problem . . . with the magnitude of employees and where their files are kept, yes, I'm sure he would take that into consideration. It's the discretion we would hope the Labor Commissioner would have in that particular instance, sir.
22 H.R. Proc., Pt. 15, 1979 Sess., p. 32, 33 (emphasis added).
Disputes arising under 32-128g can be dealt with by the Labor Commissioner pursuant to powers under Connecticut General Statutes 31-2 (a).
 Sec. 31-2. Powers and duties of commissioner. (a) The labor commissioner shall collect information upon the subject of labor, its relation to capital, the hours of labor, the earnings of laboring men and women and the means of promoting their material, social, intellectual and moral CT Page 8991 prosperity, and shall have power to summon and examine under oath such witnesses and may direct the production of, and examine or cause to be produced and examined, such books, records, vouchers, memoranda, documents, letters, contracts or other papers in relation thereto as he deems necessary, and shall have the same powers in relation thereto as are vested in magistrates in taking depositions, but for this purpose persons shall not be required to leave the vicinity of their residences or places of business. . . . (Emphasis added.)
Though the legislative intent militates in favor of the Labor Commissioner's handling potential violations of31-128g, the issue remains as to whether this court should entertain this claim notwithstanding that intent. The doctrine of primary jurisdiction militates against the court taking jurisdiction.
"It is well established that resort to the administrative process is generally a prerequisite to involving the jurisdiction of a court." Sharkey v. Stamford, 196 Conn. 253,255, 492 A.2d 508 (1985). "[P]rimary jurisdiction situations arise in cases where a plaintiff, in the absence of pending administrative proceedings, involves the original jurisdiction of a court to decide the merits of a controversy. Id. at 256. The purpose of the doctrine is to foster an orderly process of administrative adjudication and judicial review in which a reviewing court will have the benefit of an agency's findings and conclusions. Id., 256. Ordinarily, a court should not act upon subject matter that is peculiarly within the agency's specialized field without giving the agency an opportunity to apply its expertise, for otherwise parties who are subject to the agency's continuous regulation may become the victims of uncoordinated and conflicting requirements. 4 Davis, Administrative Law 22.1, p. 81 (1983). The doctrine of primary jurisdiction militates in favor of this claim going first to the Labor Commissioner.
Based on a consideration of (1) the legislative intent of General Statutes 31-128g, and (2), the doctrine of primary jurisdiction, the defendant's motion to strike count two of plaintiff's revised complaint is granted.
E. EUGENE SPEAR, JUDGE CT Page 8992